**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Leonel AGUILERA, Defendant-Appellant.**

**No. 80–5762**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit B

Aug. 27, 1981.

Humberto J. Aguilar, Miami, Fla., for defendant-appellant.

Kenneth W. Lipman, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

Appellant Leonel Aguilera and two others were indicted in the United States District Court for the Southern District of Florida with: conspiracy to possess methaqualone with intent to distribute; possession of methaqualone with intent to distribute; and distribution of methaqualone, in violation of 21 U.S.C.A. §§ 846, 841(a)(1) and 18 U.S.C.A. § 2. Counsel was appointed for Aguilera and filed his notice of appearance with the court on April 7, 1980. On July 30, 1980, after a trial of approximately one and one-half days, Aguilera was found guilty by a jury on all counts and was sentenced to thirty-six months on each count, the sentences to run concurrently, and twenty-four months' special parole on Counts II and III, these special parole terms also to run concurrently.

Preliminary plea negotiations between Aguilera's counsel and counsel for the United States resulted in an offer by the Government's counsel to drop Counts II and III and to make no sentence recommendations if Aguilera pleaded guilty to Count I. However, this offer had a specific time limit upon which it had to be accepted by Aguilera.[1]

The offer was not accepted by Aguilera in a timely fashion and no proceedings were ever scheduled or conducted under Fed.R. Crim.P. 11(e)(2).

When the case was called for trial on July 28, 1980, counsel for Aguilera made an oral motion asking the trial judge either to enforce the plea offer that Aguilera had then decided to accept or to grant a continuance of the trial. Both motions were denied.

The record in this case reflects that the offer of Government's counsel to drop Counts II and III in exchange for a plea of guilty on Count I was never accepted by Aguilera and no indication was ever given by counsel for Aguilera until June 21, 1980, that the offer would be accepted; shortly thereafter Government's counsel advised that since the time for accepting the offer had expired the offer had been withdrawn.

Clearly the trial judge was correct in refusing to order "specific performance" of the plea offer which had neither been accepted nor relied upon by appellant. Even if there had been an agreement between the defendant Aguilera and the Government, under Rule 11(e)(2) the trial judge retains the discretion to accept or reject plea bargains, see *United States v. Bean*, 564 F.2d 700, 702 (5th Cir. 1977), and the defendant would not have been justified in relying on the bargain until the trial judge approved it:

> Surely neither party contemplates any benefit from the agreement unless and until the trial judge approves the bargain and accepts the guilty plea. Neither party is justified in relying substantially on

---

[1] In April 1980, several motions, some of which were granted, were filed in Aguilera's behalf. The case was originally set for trial to commence May 5, 1980. Although a motion for continuance was denied, the court did reschedule the May 5, 1980, trial date for July 1980. In the motion for continuance no mention was made of any plea bargain, ongoing plea negotiations, or any inability of counsel to be prepared for the May trial. The only basis advanced in support of the motion was that Aguilera was involved at that time in aiding the Cuban refugees that "were arriving daily in this country."

the bargain until the trial court approves it. We are therefore reluctant to bind them to the agreement until that time. As a general rule, then, we think that either party should be entitled to modify its position and even withdraw its consent to the bargain until the plea is tendered and the bargain as it then exists is accepted by the court.

*United States v. Ocanas,* 628 F.2d 353, 358 (5th Cir. 1980).

Certainly, when the prosecution makes an agreement within its authority and the defendant relies on it in good faith, the court will not let the defendant be prejudiced as a result of that reliance. *United States v. Goodrich,* 493 F.2d 390, 393 (9th Cir. 1974). However, in this case Aguilera's counsel specifically stated, in response to the trial judge's inquiry, that Aguilera had done nothing to change his position as a result of the alleged agreement. Here there were no reliance and no prejudice. Thus, the cases of *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), *United States v. Ross,* 493 F.2d 771 (5th Cir. 1974) and *Johnson v. Beto,* 466 F.2d 478 (5th Cir. 1972), are not at all applicable to the instant situation.

As indicated above, there was no prejudice by the refusal of the trial court to grant the continuance and this conclusion is applicable to defendant's contention that the failure to continue the trial resulted in a denial of effective assistance of counsel. The record clearly reflects this contention to be without merit. Aguilera's counsel was appointed over five months prior to trial; numerous pretrial motions were filed; voluminous requested jury charges were filed and the trial record clearly reflects that Aguilera's counsel rendered reasonably effective assistance. *United States v. Burroughs,* 650 F.2d 595 (5th Cir. 1981); *Torna v. Wainwright,* 649 F.2d 290 (5th Cir. 1981).

Finally, appellant fails to demonstrate that he was harmed by the sentence imposed. The maximum sentence for each count was five years. Appellant could have been sentenced to five years on Count I alone. Instead he received three years on each of the three counts to run concurrently and two years' special parole on Counts II and III, also to run concurrently.

AFFIRMED.