**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Dennis E. GREENMAN, Defendant-Appellant.**

**No. 82–5119.**

United States Court of Appeals, Eleventh Circuit.

March 25, 1983.

Paul, Landy, Beiley, Harper & Metsch, P.A., Lawrence R. Metsch, Miami, Fla., and Peter H. Morrison, Morrison, Paul & Beiley, New York City, for defendant-appellant.

W. Christian Hoyer, U.S. Dept. of Justice, Tampa, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, KRAVITCH, Circuit Judge, and MORGAN, Senior Circuit Judge.

LEWIS R. MORGAN, Senior Circuit Judge:

Appellant seeks to vacate his prison sentence by alleging a broken plea agreement and failure of the district judge to act impartially during sentencing. The relevant facts are not in dispute. Between 1977 and 1981, appellant operated a fraudulent investment scheme which gathered millions of dollars in investor funds. In April of 1981, he voluntarily reported his illegal activity to the Department of Justice (DOJ) and the Securities Exchange Commission (SEC), and both agencies began investigations. After several months of investigation and plea negotiations, the DOJ and appellant formulated a plea agreement. This agreement provided that appellant would plead guilty to one count of fraud in violation of 18 U.S.C. § 2314 and liquidate all of his personal assets as restitution. In exchange, the DOJ promised not to file additional charges and promised not to make a sentencing recommendation to the district judge. After the plea agreement was concluded and submitted to the district court, SEC officials independently wrote the district judge and recommended that appellant be given a sufficiently harsh sentence for deterrent purposes, although a specific sentence was not suggested. Appellant then cited the SEC recommendation as a breach of the plea agreement and requested that the district judge ignore the SEC letters and instruct the SEC to obey the conditions of the plea agreement. He argued that the DOJ's promise to make no sentencing recommendation bound the entire United States government, including the SEC. Instead of addressing appellant's argument, the district judge concluded that the plea bargain was too lenient since it precluded the government from filing additional charges for a particularly egregious fraud, and rejected the entire plea agreement, not wishing to give "some sort of judicial stamp of approval." The district judge acknowledged that the decison to bring only a one count indictment was solely within the discretion of the prosecution,

but refused to endorse such a decision in this case. Appellant was then given one week to consider withdrawing his guilty plea. Appellant chose not to change his plea, and was given the maximum sentence of ten years in prison and a $10,000 fine. In this appeal, appellant argues that the district court was without power to reject the plea agreement, and thus the SEC letters were a breach of that agreement. He also contends that the district judge failed to remain impartial with regard to sentencing since the judge admitted that he had decided what the appropriate sentence should be even before reading the SEC letters and other information contained in the probation officer's report. Appellant urges us to vacate his sentence for these reasons and remand the case to another district judge for sentencing in compliance with the original plea agreement. For the following reasons, we affirm.

█ Appellant's first claim on appeal is that a district court lacks the power to reject a plea bargain which requires no affirmative action on the part of the district judge. In other words, if the plea agreement does not require the district judge to take a particular action in conformity with the plea agreement, then the agreement cannot be rejected. Therefore, appellant argues, the plea agreement in this case was improperly rejected and the otherwise valid agreement was later breached when the SEC recommended a harsh sentence. We need not decide whether these arguments are correct, however, since we find that appellant would not be entitled to any relief even if we accepted his position. Appellant cites numerous decisions which have ordered specific performance of a broken plea agreement, but all of these cases involved defendants who pled guilty without knowing that their plea bargain had been or would be breached by the prosecution. See, e.g., United States v. Block, 660 F.2d 1086 (5th Cir.1981); United States v. Shanahan, 574 F.2d 1228 (5th Cir.1978); United States v. Grandinetti, 564 F.2d 723

(5th Cir.1977). *See also Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). In those cases, the defendants pled guilty and thereby forfeited certain rights in anticipation of the prosecution's full performance of the terms of their plea agreements. In the present case, however, appellant chose to plead guilty while fully aware of the alleged breach of his plea bargain. The district court gave him one week to consider withdrawing his plea after he objected to the SEC letters. Therefore, appellant cannot argue now that his guilty plea was conditioned on any unfulfilled promise of the prosecution. He entered his plea voluntarily and fully aware of all relevant circumstances and the possible consequences. We can find no support for the proposition that a broken plea agreement must be specifically enforced when the guilty plea was entered with knowledge of the alleged breach. Under the rationale of *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the opportunity to replead is a proper remedy for any possible breach in this case.[1]

■ Appellant also contends that the district judge failed to remain impartial during the sentencing proceedings. This argument is based on the following remark made by the district judge in response to appellant's objections to the SEC letters: "[I] had already made a decision as to what the sentence should be in this case. . . ." Appellant believes that this comment evidences an impermissible bias violative of due process. In support of his argument, appellant relies on several decisions of the Supreme Court and this circuit which have held that a sentence should be vacated if the sentencing judge was unalterably predisposed toward a particular punishment. *Green v. United States,* 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961); *United States v. Long,* 656 F.2d 1162 (5th Cir.1981);

*United States v. Becker,* 437 F.2d 1086 (5th Cir.1971). While this is true, appellant's argument fails to recognize that these cases all involved situations where the sentencing judge refused or neglected to hear the defendant's plea of leniency or to review presentence reports compiled pursuant to Rule 32 of the Federal Rules of Criminal Procedure. This appeal does not present a similar situation. When read as a whole, the record indicates that the disputed remark was merely a response to appellant's assertion of improper influence by the SEC letters, and not an admission that the judge was unalterably predisposed to the sentence appellant received. The judge below did not refuse or fail to consider any evidence or argument favorable to appellant. He reviewed all relevant reports and gave appellant an opportunity to speak before imposition of the sentence. In short, nothing in the record of this case compels us to conclude that the district judge closed his mind to evidence favorable to appellant before the sentencing proceedings were concluded.

For these reasons, the judgment of the district court is

AFFIRMED.

---

1. Of course, had appellant's earlier reliance on the plea agreement prejudiced his position or given the prosecution an unfair advantage, then we possibly would order the plea agreement enforced. *See United States v. Aguilera,* 654 F.2d 352 (5th Cir.1981); *United States v. Ocanas,* 628 F.2d 353 (5th Cir.1980).