**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Cuahtemoc ALVARADO–ARRIOLA,**
**Defendant-Appellant.**

**No. 83–5261.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 1984.

Decided July 12, 1984.

Joan Weber, Asst. U.S. Atty., argued, Peter K. Nunez, U.S. Atty., Joan P. Weber, Asst. U.S. Atty., on the brief, San Diego, Cal., for plaintiff-appellee.

Frank J. Ragen, San Diego, Cal., for defendant-appellant.

Before CHAMBERS, TANG and BOO-CHEVER, Circuit Judges.

## ORDER

CHAMBERS, Circuit Judge.

Appellant Alvarado-Arriola and a co-defendant, Lopez-Saucedo, were arrested at the San Clemente checkpoint when illegal aliens were discovered in the car that appellant was driving and in which his co-defendant was a passenger. Both were arraigned on a complaint charging the felony of illegal transportation of illegal aliens (8 U.S.C. § 1324(a)(2)) and the misdemeanor of aiding and abetting in illegal entry (8 U.S.C. § 1325; 18 U.S.C. § 2). The govern-ment agreed that in return for pleas of guilty to the misdemeanor, the felony charges would be dropped. The magistrate, however, refused to accept the pleas when both men made exculpatory statements at the arraignment. In particular, appellant stated that he had picked up the aliens when he stopped at a store and that he did not know they were without proper documentation until the car was approaching the checkpoint. The magistrate appropriately found that there was insufficient basis for the plea of guilty to aiding and abetting in the illegal transportation. He made a similar decision with respect to Lopez-Saucedo, whose denial of incriminatory activity was even stronger.

The defendants were then indicted. Both were charged with the felony of conspiracy to violate § 1324. Appellant was also charged with the substantive offense of violation of § 1324, and Lopez-Saucedo was charged with aiding and abetting in violation of that section. Lopez-Saucedo was later permitted, by another magistrate, to plead guilty to the misdemeanors and has not appealed. Appellant was tried and convicted on all counts and appeals, claiming fundamental unfairness and vindictive prosecution, relying on his indictment after his guilty plea was rejected, and on his prosecution for the felonies charged in the indictment, after his co-defendant was permitted to plead guilty to the misdemeanors with which he was there charged.

 Appellant had no right to plead guilty to the misdemeanors charged in the complaint; he had only a right to offer to make such a plea and to have the court, in its discretion, determine its propriety. It is the duty of the court, in viewing the appropriateness of the plea, to inquire into the sufficiency of its factual basis. Rule 11(f), F.R.Cr.P.; *Santobello v. New York,* 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971); *United States v. $31,697.59 Cash,* 665 F.2d 903 (9th Cir.1982). The court made that inquiry and determined that the factual basis was lacking. Appellant's argument that the factual basis com-

pelled acceptance of the plea is repudiated by the record.

His argument that the government was somehow estopped from indicting him is also without merit. It was appellant who failed to convince the magistrate of the factual basis for his plea. The court rejection of the plea is thus tied to his own action and not to any action of the prosecution. There was no executed plea agreement which appellant can label as breached, as no plea was ever accepted. The agreement between the parties was implicitly conditioned on court approval. That approval was not forthcoming and the prosecution cannot be said to have breached the conditioned plea agreement. *United States v. Herrera*, 640 F.2d 958 (9th Cir. 1981). This was not a situation where the defendant can claim prejudicial change of position, as he made no change of position. He cannot claim reliance, as he was not entitled to rely on the plea offer until it was accepted by the court. *United States v. Aguilera*, 654 F.2d 352, 353 (5th Cir. 1981). Appellant's claims of fundamental unfairness or vindictive prosecution are without merit.

The fact that his co-defendant was later permitted to plead guilty to the misdemeanors, by another magistrate, has no bearing on the government's ability to proceed against appellant on the felonies charged against him in the indictment. As the government has shown, each man presented different factual backgrounds. Among other things, at the time of these offenses appellant (unlike his co-defendant) was on probation for another federal felony conviction. Moreover, he was driving the car in which the illegal aliens were found.

Finally, appellant's claim of ineffective counsel clearly fails to meet the test of *Strickland v. Washington*, — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) or of *Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir.1978), cert. denied 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979).

Affirmed.