972 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Olivia Danita COOK-LAMKIN, Defendant-Appellant.
 No. 91-50100.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Aug. 27, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Olivia Danita Cook-Lamkin appeals her conviction by jury trial for two counts of passing altered money orders, in violation of 18 U.S.C. § 500, and two counts of theft of government property, in violation of 18 U.S.C. § 641. She also appeals her sentence under the Sentencing Guidelines. She contends that the district court erred by (1) refusing to permit her to plead nolo contendere and (2) imposing an excessive fine. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 "An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if [s]he is unwilling or unable to admit [her] participation in the acts constituting the crime." North Carolina v. Alford, 400 U.S. 25, 37 (1970). Nevertheless, there is no federally guaranteed right to have a court accept a plea. Id. at 38 n. 11; Robtoy v. Kincheloe, 871 F.2d 1478, 1482 (9th Cir.1989), cert. denied, 494 U.S. 1031, 494 U.S. 1061 (1990). "A defendant may plead nolo contendere only with the consent of the court. Such a plea shall be accepted by the court only after due consideration of the views of the parties and the interest of the public in the effective administration of justice." Fed.R.Crim.P. 11(b); see United States v. Gratton, 525 F.2d 1161, 1163 (7th Cir.1975) (district court has broad discretion to reject nolo contendere plea); United States v. Dorman, 496 F.2d 438, 440 (4th Cir.) (same), cert. denied, 419 U.S. 945 (1974); see also United States v. Alvarado-Arriola, 742 F.2d 1143, 1144 (9th Cir.1984) (district court has discretion to reject guilty plea if factual basis for plea is lacking).
 
 
 4
 At Cook-Lamkin's plea hearing, she denied knowing that the money orders had been altered. On the basis that knowledge was a "critical" element of the offenses, the district court refused to accept her nolo contendere plea. This ruling took into account "the interest of the public in the effective administration of justice," and therefore was not an abuse of discretion. See Fed.R.Crim.P. 11(b); Alvarado-Arriola, 742 F.2d at 1144.
 
 
 5
 Cook-Lamkin also contends that the district court erred by imposing a $5,000 fine. We do not address this contention because Cook-Lamkin did not object to the fine below. See United States v. Winslow, 962 F.2d 845, 849 (9th Cir.1992) (this court generally will not address an issue raised for the first time on appeal).
 
 
 6
 Appellant's counsel was ordered to show cause why she should not pay a sanction of $250 for failure to timely designate reporter's transcripts and file an opening brief. In response to the order, counsel explained that the transcripts in fact had been timely designated and that she had moved to vacate the briefing schedule. Accordingly, we do not impose any sanction.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3