[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11012
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 5, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:10-cr-00321-RAL-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA WILBERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 5, 2011)

Before TJOFLAT, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

Joshua William Wilbers pleaded guilty to one count of possession of ammunition by a convicted felon, a violation of 18 U.S.C. § 922(g), and received a low end guideline sentence of 108 months. Wilbers now appeals his sentence as unreasonable.

Wilbers asserts first that the district court erred when it denied his request for a downward variance, failing to consider two purported flaws in a particular sentencing guideline.[1] Wilbers next argues that the district court based his sentence on "improper assumptions and impermissible unrelated current events," rather than his unique circumstances and for the specific offense to which he pleaded guilty. Each of the arguments fails, and we affirm Wilbers's sentence.

## I.

The party challenging a sentence bears the high burden of establishing that the sentence is unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Our reasonableness review looks to whether the district court abused its

---

[1] This guideline calls for an enhanced offense level of 22 when:

(A) the offense involved a (i) semiautomatic firearm that is capable of accepting a large capacity magazine . . . and (B) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a controlled substance offense;

U.S.S.G. § 2K2.1(a)(3).

discretion in imposing the sentence. Gall v. United States, 552 U.S. 38, 46, 128

S. Ct. 586, 594 (2007). This Court must first review the sentencing to ensure that

the "district court committed no significant procedural error." Id. at 51, at 597. In

doing so, we examine whether the sentencing court: (1) properly calculated the

guideline range, (2) treated the guidelines as advisory, (3) considered the

§ 3553(a) factors, (4) selected a sentence based on facts not clearly erroneous, and

(5) explained adequately the chosen sentence. Id.

If the procedures employed in imposing the sentence were proper, we then

evaluate the substantive reasonableness of a sentence in light of the record and the

factors set forth in 18 U.S.C. § 3553(a).[2] Talley, 431 F.3d at 788. The ultimate

question is "whether the sentence imposed by the district court fails to achieve the

purposes of sentencing as stated in section 3553(a)." Id.

---

[2] As summarized in Talley, Section 3553(a) requires consideration of:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

431 F.3d at 786; see 18 U.S.C. § 3553(a).

3

In this limited scope of review, a court may vacate a sentence only if it is "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation marks omitted). Although we do not automatically presume a sentence within the guideline range to be reasonable, we ordinarily expect it to be so. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

II.

Wilbers's first claim includes a procedural and a substantive component. Because Wilbers raised only his substantive claim before the district court, we review his procedural claim for plain error. United States v. Castro, 455 F.3d 1249, 1251 (11th Cir. 2006); see F. R. Crim. P. 52(b).[3] We will address Wilbers's procedural claim first.

Wilbers maintains that the sentencing court did not fulfill Gall's admonition to explain adequately its chosen sentence insofar as it did not address his arguments about § 2K2.1(a)(3). During the sentencing hearing, and after hearing

---

[3] When asked to clarify her objection at the conclusion of Wilbers's sentencing hearing, defense counsel stated she believed the sentence was "substantively unreasonable."

the parties' arguments, the judge denied the requested downward variance "in light of [Wilbers's] history and characteristics and the nature and circumstances of the offenses and the other statutory factors."

When a party presents a well-grounded reason for departing from the guidelines, a judge will normally "explain why he has rejected those arguments." Rita v. United States, 551 U.S. 338, 357, 127 S. Ct. 2456, 2468 (2007). A judge is not, however, required to address explicitly every argument raised by the parties in a sentencing hearing. See United States v. Ghertler, 605 F.3d 1256, 1262 (11th Cir. 2010) (stating that the sentencing judge need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own decisionmaking authority"); see also United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (rejecting argument that district court is required to state on the record that he has considered each § 3553(a) factor); United States v. Amedeo, 487 F.3d 823, 833 (11th Cir. 2007) (noting that the absence of overt discussion does not mean district court failed to consider mitigating evidence in determining sentence).

The sentencing judge clearly fulfilled this standard. The transcript makes plain that the sentencing judge was quite familiar with the facts of the case and with Wilbers's circumstances; that he accounted for those specifics; and that he

based his decision on them.  For instance, the judge not only expressed his "sympath[y]" for Wilbers's Attention Deficit Disorder and his concern that Wilbers stopped taking his medication for it, but also heeded Wilbers's request to be placed at a facility where he could be evaluated and treated for that condition. The district court considered the parties' arguments and provided a reasoned basis for his ultimate decision.  We conclude, therefore, he made no procedural error in imposing Wilbers's sentence.

We next address the substantive component of Wilbers's claim, namely, that the district court imposed a substantively unreasonable sentence after rejecting Wilbers's request for a downward variance based on the two purported defects in a specific sentencing guideline.  Wilbers first claims that the district court's use of § 2K2.1(a)(3) constituted reversible error because the enhancement has its origin in a statute that Congress has since allowed to expire.  The Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA) imposed a ban on semiautomatic weapons and large capacity magazines for firearms.  Pub. L. No. 103-322, §§ 1101012-13, 108 Stat. 1796, 1996–99 (1994).  VCCLEA also directed the Sentencing Commission to establish an enhancement for possession of any firearms banned by the law, as listed in 18 U.S.C. 921(a)(30).  Id. at § 110502, 108 Stat. at 2015.  Following this direction by Congress, the Commission created a

6

two-level addition to the base offense level for possession of semiautomatic assault weapons and large capacity feeding devices. See U.S.S.G. § 2K2.1(a)(3). VCCLEA was written to expire ten years after its enactment and, absent further Congressional action, the law expired in 2004.

Nevertheless, when reviewing the guidelines in 2006, the Sentencing Commission elected to retain the sentencing enhancement engendered by the statute, deleting the reference to 18 U.S.C. § 921(a)(30) and replacing it with the phrase "a semiautomatic firearm that is capable of accepting a large capacity magazine." See U.S.S.G., App. C, amend. 691 (Nov. 1, 2006). The revision, done out of concern "regarding inconsistent application . . . in light of [VCCLEA]'s expiration," made clear the Sentencing Commission's intent to keep the enhancement in place. Id.

Wilbers next contends that the district court's use of the guideline provision constituted reversible error because the enhancement is "not based on empirical evidence." He refers to a study by The Urban Institute finding that assault weapons bans have "only a limited effect on total gun murders" and produce no detectable reduction in the "two types of gun murders that are thought to be closely associated with assault weapons, those with multiple victims in a single

7

incident and those producing multiple bullet wounds per victim."[4] Wilbers ties this argument to his previous point, saying that if there were evidence supporting the notion that assault weapons present a risk to public safety, "a political consensus would have developed to continue the ban on them."

We review the district court's application and legal interpretations of the guidelines de novo and its factual determinations for clear error. United States v. Zaldivar, 615 F.3d 1346, 1350 (11th Cir. 2010), cert. denied, 131 S. Ct. 959 (2011). Our precedent provides that a lack of supporting empirical evidence does not, alone, render a guideline provision invalid. United States v. Snipes, 611 F.3d 855, 870 (11th Cir. 2010). Wilbers acknowledges this in his brief, as well he should, because the Supreme Court itself has recognized that not all guidelines provisions are tied to empirical evidence. Gall, 552 U.S. at 46 n.2, 128 S. Ct. at 594 n.2.

At root, Wilbers's substantive claim faults the Sentencing Commission's policy decision to retain the enhancement for possession of semiautomatic assault weapons and large capacity feeding devices. But this Court evaluates only the reasonableness of the judgment imposed upon the individual, not the

---

[4] See Roth, Koper, et. al., The Urban Institute, Impact Evaluation of the Public Safety and Recreational Firearms Use Protections Act of 1994, 2, 97 (1997), http://www.urban.org/publications/406797.html.

8

reasonableness of the sentencing guidelines themselves.  See Talley, 431 F.3d at 785; United States v. Dorman, 488 F.3d 936, 938 (11th Cir. 2007).  Thus, by this argument, Wilbers has identified no substantive problem with his sentence.

## II.

Wilbers raises a second substantive objection to his sentence, namely, that the district court based his sentence on "improper assumptions and impermissible unrelated current events," rather than his unique circumstances and the specific offense to which he had pled guilty.  Specifically, Wilbers alleges that his sentence "was based in significant part on the improper assumption that Wilbers posed a significant danger to his girlfriend, and in reaction to the recent killings of two police officers, neither of which are permissible sentencing factors."

At sentencing, "[a] district court abuses its discretion when it . . . gives significant weight to an improper or inappropriate factor . . . ."  United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted). Nonetheless, the scope of proper and appropriate factors is great.  The district court has broad discretion to consider "the fullest information possible concerning the defendant's life and characteristics."  Pepper v. United States, 562 U.S. —, 131 S. Ct. 1229, 1235–36 (2011) (quotation marks omitted); see also 18 U.S.C. §

9

3661. Thus, for a district court's comment to constitute reversible error, it must compel us "to conclude that the district judge closed his mind to evidence favorable to appellant before the sentencing proceedings were concluded." United States v. Greenman, 700 F.2d 1377, 1379 (11th Cir. 1983).

The district court in this case did not abuse its discretion by considering the evidence regarding Wilbers's past domestic violence arrests. Section 3353(a)(1) establishes as a permissible factor the "history and characteristics of the defendant." The judge could reasonably have concluded that the evidence concerning Wilbers's "supposed loving relationship with his girlfriend" reflected a measure of relational instability and personal volatility, undercutting Wilbers's claim that familial support makes him less likely to recidivate.

Neither did the district court's mention of officer killings amount to an abuse of discretion. Here a defendant was being sentenced for selling weapons illegally, and the judge referenced a recent instance in which police officers were killed "by a young man who purchased a weapon illegally." The judge made the comment during a colloquy with Wilbers, inquiring whether he had contemplated the possible consequences of dealing in illegal weapons. It was, in fact, an example of the possible consequences that can flow from behavior such as that for which Wilbers was convicted. A judge might well consider these possible

consequences when weighing § 3553(a)(2–4): (2) the seriousness of the offense; (3) deterrence; and (4) the need to protect the public. Thus, we conclude that the sentencing court did not abuse its discretion by mentioning to outside events when imposing sentence upon Wilbers.

## III.

We conclude that Wilbers's 108-month sentence is neither procedurally defective nor substantively unreasonable.

**AFFIRMED.**

11