T.G. NELSON, Circuit Judge:
 

 Appellant James Lewis Savage was brought into district court for the purpose of signing a plea agreement negotiated by his lawyer. Prior to any court proceedings, Savage assaulted a deputy United States Marshal and ran from the courtroom. When he was apprehended and returned to the courtroom, the United States withdrew the plea agreement. Savage appeals the district court’s refusal to compel the Government to perform the plea agreement. We affirm.
 
 [1]
 

 DISCUSSION
 

 “Plea agreements are subject to contract-law standards of interpretation.”
 
 United States v. Fernandez,
 
 960 F.2d 771, 772 (9th Cir.1992) (quotation omitted). Plea bargaining is governed by Rule 11 of the Federal Rules of Criminal Procedure. Under that rule, a trial court retains discretion in rejecting or accepting plea bargains. Fed.R.Crim.P. 11(e)(3)(4);
 
 United States v. Maxwell,
 
 368 F.2d 735, 738 (9th Cir.1966). Moreover, a court cannot force a defendant to plead guilty because of a promise in a plea agreement.
 
 See
 
 Fed.R.Crim.P. 11(c)(3). “Unless and until a court accepts a guilty plea, a defendant is free to renege on a promise to so plead.”
 
 United States v. Papaleo,
 
 853 F.2d 16, 19 (1st Cir.1988). The issue presented in this case is whether the Government is also free to renege on its promise prior to the trial court’s acceptance of the plea agreement under Fed. R.Crim.P. 11.
 

 A, The General Rule
 

 In
 
 United States v. Alvarado-Arriola,
 
 this court held that where a trial court rejects a plea agreement because of the
 
 *1138
 
 actions of the defendant, the government is no longer bound by the terms of the agreement. 742 F.2d 1143, 1145 (9th Cir.1984). The court explained,
 

 It was appellant who failed to convince the magistrate of the factual basis for his plea. The court rejection of the plea is thus tied to his own action and not to any action of the prosecution. There was no executed plea agreement which appellant can label as breached, as no plea was ever accepted. The agreement between the parties was implicitly conditioned on court approval. That approval was not forthcoming and the prosecution cannot be said to have breached the conditioned plea agreement.
 

 Id.
 

 Savage argues that
 
 Alvarado-Arriola
 
 stands for the limited proposition that the government may withdraw from the agreement only if the
 
 court
 
 rejects the agreement. The Government argues that
 
 Alvarado-Arriola
 
 stands for the broader proposition that a defendant is not entitled to rely on a plea offer until it is accepted by the court because a plea agreement is implicitly conditioned on court approval.
 

 Because the
 
 Alvarado-Arriola
 
 holding might be construed as being limited to the facts of that case, we now take the opportunity to expressly adopt the broader rule. We hold that neither the defendant nor the government is bound by. a plea agreement until it is approved by the court. We agree with the Fifth Circuit’s reasoning that,
 

 the realization of whatever expectations the prosecutor and defendant have as a result of their bargain depends entirely on the approval of the trial court. Surely neither party contemplates any benefit from the agreement unless and until the trial judge approves the bargain and accepts the guilty plea. Neither party is justified in relying substantially on the bargain until the trial court approves it. We are therefore reluctant to bind them to the agreement until that time. As a general rule, then, we think that either party should be entitled to modify its position and even withdraw its consent to the bargain until the plea is tendered and the bargain as it then exists is accepted by the court.
 

 United States v. Ocanas,
 
 628 F.2d 353, 358 (5th Cir.1980),
 
 cert. denied,
 
 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 840 (1981);
 
 accord United States v. Molina-Iguado,
 
 894 F.2d 1452, 1456 (5th Cir.),
 
 cert. denied,
 
 — U.S. —, 111 S.Ct. 95, 112 L.Ed.2d 66 (1990);
 
 United States v. McGovern,
 
 822 F.2d 739, 744 (8th Cir.),
 
 cert. denied,
 
 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 377 (1987);
 
 United States v. Walker,
 
 927 F.2d 389, 390 (8th Cir.1991).
 

 B. Detrimental Reliance Exception
 

 The general rule, however, is subject to a detrimental reliance exception. Even if the agreement has not been finalized by the court, “[a] defendant’s detrimental reliance on a prosecutorial promise in plea bargaining could make a plea agreement binding.”
 
 McKenzie v. Risley,
 
 801 F.2d 1519, 1527 (9th Cir.1986),
 
 vacated in part on other grounds,
 
 842 F.2d 1525 (9th Cir.),
 
 cert. denied,
 
 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988).
 

 In the present case, however, Savage did not detrimentally rely on the plea agreement; he did not plead guilty based on the agreement and he did not provide any information or other benefit to the government based on the agreement. Therefore, the district court did not err in refusing to compel the Government to perform the plea agreement.
 

 AFFIRMED.
 

 [1]
 

 . We also affirm the district court’s holding with regard to two additional issues addressed in a separate memorandum disposition.