56 F.3d 75
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Lynn Tucker, Defendant-Appellant.
 No. 93-30191.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1995.
Decided May 18, 1995.
 
 1
 Before: BROWNING, REAVLEY,* and NORRIS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Gary Lynn Tucker argued below that he and the Assistant United States Attorney ("AUSA") prosecuting him had entered a valid plea agreement in which he promised to plead guilty to being a felon in possession of a firearm, 18 U.S.C. Sec. 922(g)(1), in exchange for the AUSA's promise not to seek an enhancement of his sentence under the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e)(1). The district court found that no valid plea agreement existed between the parties. Tucker entered a conditional guilty plea and now appeals the district court's decision. A finding on the existence of a plea agreement is a factual matter that is reviewed for clear error. United States v. Floyd, 1 F.3d 867, 869 (9th Cir. 1993); United States v. Fernandez, 960 F.2d 771, 772 (9th Cir. 1991). We find no clear error in this case and affirm.
 
 
 4
 Tucker's attorney and the AUSA had not yet reached a plea agreement on Jan. 30, 1992 at Tucker's arraignment. Record of Arraignment at 2-3 (Jan. 30, 1992) (Tucker's attorney commenting that "We have been negotiating" and stating that Tucker's plea would change to guilty when negotiations ended).[1] On Feb. 3 of that year, Tucker's defense counsel sent the AUSA a letter outlining a plea agreement in which Tucker promised to plead guilty to being a felon in possession of a firearm in exchange for the AUSA's promise not to seek a sentence enhancement under the Armed Career Criminal Act. The letter ended, "If this comports with your understanding of the agreement, this letter can serve as the plea agreement." Two days later, the AUSA informed Tucker's attorney that he had not been able to obtain authorization for the agreement and said that he would instead seek a sentence enhancement. We agree with the district court that the two-day time lag between defense counsel's letter and the AUSA's response did not give rise to a valid agreement.
 
 
 5
 Moreover, whether or not the AUSA's representations ever gave rise to a valid agreement between the parties, Tucker did not detrimentally rely upon those representations. He waived his rights to a speedy indictment before negotiations began. Because Tucker did not detrimentally rely upon any agreement, he has no "constitutional right to have the bargain specifically enforced." Mabry v. Johnson, 467 U.S. 504, 507 (1984). See also United States v. Savage, 978 F.2d 1136, 1138 (9th Cir. 1992) (outlining the "detrimental reliance exception" to the general rule that "either party should be entitled to modify its position and even withdraw its consent to the bargain until the plea is tendered and the bargain as it then exists is accepted by the court") (quoting United States v. Ocanas, 628 F.2d 353, 358 (5th Cir. 1980), cert. denied, 451 U.S. 984 (1981)).
 
 
 6
 AFFIRMED.
 
 
 
 *
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Also at the arraignment, Tucker's attorney requested that a reference to the Armed Career Criminal Act be deleted from Tucker's indictment. Tucker contends that the government's failure to voice any objection to that request was an implicit admission that a plea agreement had been reached. We disagree. Tucker's attorney called the reference to the Armed Career Criminal Act a "typographical error" which needed to be changed "to be consistent with the front of the indictment." Record of Arraignment at 2-3 (Jan. 30, 1992). Tucker's attorney made no mention of an agreement and did not imply or state that the change was pursuant to an agreement