76 F.3d 389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David S.N. CHARGUALAF, Defendant-Appellant.
 No. 94-10357.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1996.*
Decided Jan. 17, 1996.
 
 Before: SNEED, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Chargualaf appeals his sentence after entering a conditional guilty plea to possession of stolen firearms in violation of 18 U.S.C. § 922(j). He contends the district court erred when it denied his motion to dismiss the second indictment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, United States v. Williams, 791 F.2d 1383, 1386 (9th Cir.), cert. denied, 479 U.S. 869 (1986), and affirm.
 
 
 3
 On May 13, 1993, Chargualaf signed a statement admitting he received and distributed thirty stolen hand grenades. On May 19, 1993, Chargualaf was indicted for theft of public property in violation of 18 U.S.C. § 641. At the June 1, 1993 arraignment, the government and Chargualaf orally agreed that the government would recommend the minimum sentence under the Guidelines in exchange for Chargualaf's truthful cooperation and his plea to the charged offense.
 
 
 4
 On June 8, 1993, Chargualaf received a written plea agreement proposal from the government. On June 11, 1993, the government informed Chargualaf's counsel by facsimile letter that its offer was withdrawn.
 
 
 5
 On June 14, 1993, Chargualaf sent an executed copy of the plea agreement to the government, contending that the government could not withdraw the plea agreement because Chargualaf had detrimentally relied on the oral agreement of June 1, 1993.[1] Chargualaf alleges, and the government does not dispute, that in reliance upon the oral agreement of June 1, 1993, Chargualaf cooperated with the FBI, concerning persons to whom he distributed the grenades, eight to ten times between June 1, 1993 and June 15, 1993.
 
 
 6
 On July 26, 1993, the court granted the government's motion to dismiss the first indictment. On November 24, 1993, Chargualaf was indicted for disposing of stolen firearms in violation of 18 U.S.C. § 922(j). After a hearing, the district court denied Chargualaf's motion to dismiss the second indictment. Chargualaf entered a conditional guilty plea to the section 922 offense and this appeal followed.
 
 
 7
 Plea agreements are contractual in nature and are measured by contract law standards. United States v. De La Fuente, 8 F.3d 1333, 1337 (9th Cir.1993). Either party may withdraw from a plea agreement before it is accepted by the court. See United States v. Washman, 66 F.3d 211, 212-13 (9th Cir.1995). However, this general rule may be subject to a detrimental reliance exception. See United States v. Savage, 978 F.2d 1136, 1138 (9th Cir.1992), cert. denied, 113 S.Ct. 1613 (1993); United States v. Partida-Parra, 859 F.2d 629, 635 n. 7.
 
 
 8
 Chargualaf alleges that he signed the government's written plea offer on the day his counsel received it, June 8, 1993. Chargualaf does not dispute that on June 11, 1993, the government informed his counsel by facsimile letter that its offer was withdrawn. Because Chargualaf did not dispatch the executed plea agreement to the government until June 14, 1993, Chargualaf failed to accept the written plea offer before it was withdrawn. Consequently, the government was not bound by the written plea agreement. See Washman, 66 F.3d at 212-13; De La Fuente, 8 F.3d at 1337.
 
 
 9
 Chargualaf argues that the oral agreement of June 1, 1993 was binding because he relied on it to his detriment. It is unclear whether defendants may reasonably rely on oral plea agreements. See Savage, 978 F.2d at 1138; Partida-Parra, 859 F.2d at 635 n. 7. However, we need not decide this issue. Even were we to accept that a defendant may reasonably rely on an oral plea agreement, we agree with the district court that Chargualaf has shown reliance, but not reliance to his detriment.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The plea agreement which counsel returned to the government was signed by Chargualaf and his counsel on June 7, 1993. When the government later pointed out that the plea offer could not have been signed on June 7, 1993 as it was not received by Chargualaf's counsel until June 8, 1993, counsel and Chargualaf apologized to the court for the error