81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maximino FELIX-MIRANDA, Defendant-Appellant.
 No. 94-10302.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided March 29, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maximino Felix-Miranda appeals his sentence of fifty-one months after pleading guilty to illegal reentry following conviction of an aggravated felony in violation of 8 U.S.C. § 1326. We review the legality of a sentence de novo. United States v. Redmond, 69 F.3d 979, 980 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 Felix-Miranda contends that the district court imposed a sentence in excess of the plea agreement before allowing Felix-Miranda an opportunity to reject the plea in violation of Fed.R.Crim.P. 11. The record belies this contention.
 
 
 4
 "Plea agreements are subject to contract-law standards of interpretation. Plea bargaining is governed by Rule 11 of the Federal Rules of Criminal Procedure. Under that rule, a trial court retains discretion in rejecting or accepting plea bargains." United States v. Savage, 978 F.2d 1136, 1137 (9th Cir.1992) (quotation and citations omitted), cert. denied, 507 U.S. 997 (1993). "If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant ... that the court is not bound by the plea agreement, [and] afford the defendant the opportunity to then withdraw the plea...." Fed.R.Crim.P. 11(e)(4).
 
 
 5
 Here, Felix-Miranda entered into a plea agreement in which he agreed to plead guilty to violating 8 U.S.C. § 1326 and the government agreed to recommend a binding sentence of 41 months. The applicable sentencing guidelines range was 77 to 96 months. The district court, after reviewing Felix-Miranda's Presentence Report, stated that Felix-Miranda's "criminal history is just one of the worst I've seen, so I fully intend to sentence him to more than 41 months.... I'm going to sentence him to 51 months."
 
 
 6
 The district court then informed Felix-Miranda that "because I have sentenced you in excess of the plea agreement, you have the right to reject it. If you do, you may withdraw your plea of guilty and the matter will be set for trial. It will be necessary for you to confer with your lawyer about this and advise the Court by 4:30 this afternoon as to whether or not you wish to accept the 51 months or you wish to withdraw your guilty plea. Do you understand that, sir?" Felix-Miranda answered "Yes." Felix-Miranda did not withdraw his plea. Given these circumstances, we affirm Felix-Miranda's sentence. See id.; Savage, 978 F.2d at 1137.[1]
 
 Accordingly, Felix-Miranda's sentence is
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Felix-Miranda contends that he detrimentally relied on the plea agreement, that contention is precluded by Savage, 978 F.2d at 1138