UNITED STATES of America,
Plaintiff,

v.

Joy MODAFFERI, Defendant.

No. CRIM. 99–00333 SOM.

United States District Court,
D. Hawai'i.

Aug. 15, 2000.

---

Thomas Muehleck, Asst. U.S. Atty., Honolulu, HI, for U.S.

Alan Ellis Sausalito, CA, Myles S. Breiner, Honolulu, HI, for Joy Modafferi, Defendant.

*ORDER DENYING MOTION TO REJECT PLEA AGREEMENT AND/OR TO VOID DEFENDANT'S WAIVER OF APPELLATE RIGHTS*

MOLLWAY, District Judge.

## I. *INTRODUCTION.*

Defendant Joy Modafferi ("Modafferi") invokes three different procedures in seeking to escape from her plea agreement ("Plea Agreement"). She asks this court to reject her Plea Agreement (but retain her guilty plea), to allow her to withdraw from that agreement (again while retaining her guilty plea), or to void the part of the Plea Agreement in which she limits her rights of appeal.

This court denies Modaferri's request that this court reject the Plea Agreement. Modaferri's request is based on her conclusion that she received little in return for that agreement. Rejection of a plea agreement is not the proper procedural means for Modaferri to obtain the relief she seeks. This court usually makes its determination as to whether to accept or reject a plea agreement at the time of sentencing. In making that determination, the court assumes all parties want the agreement to be accepted, but the court examines whether acceptance is in the public's interest, not whether the defendant made a "bad deal."

The court also denies Modaferri's request that she be allowed to withdraw from the Plea Agreement. Modaferri has not met her burden of establishing that her counsel was ineffective and that she consequently has a "fair and just reason" for withdrawing from her Plea Agreement.

Finally, the court denies Modaferri's request to void the waiver of her appellate rights in her Plea Agreement. Modaferri has not demonstrated any legal justification sufficient to void any part of her Plea Agreement.

## II. *BACKGROUND FACTS.*

On July 15, 1999, the grand jury returned an eight-count Indictment, alleging that Modafferi had violated 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 by knowingly and intentionally distributing various controlled substances. Modafferi and the government entered into a Memorandum of Plea Agreement on December 2, 1999, in which Modaferri agreed, *inter alia*, to plead guilty to Counts 1 and 8 of the Indictment and to waive her right to file any appeal other than one challenging a sentence that reflected an upward departure from the Sentencing Guidelines or challenging the effectiveness of her counsel. In exchange, the government agreed, *inter alia*, to move to dismiss Counts 2 through 7 of the Indictment after sentencing. Modaferri pled guilty to Counts 1 and 8 pursuant to the Plea Agreement on December 2, 1999, and the court accepted the guilty plea but deferred a decision on whether to accept or reject the Plea Agreement.

The dismissal of Counts 2 through 7 would have eliminated mandatory special assessments of $100 that would have been imposed on Modafferi at sentencing for each of the six counts that the government agreed to move to dismiss. It would also have left Modaferri with a record of having been convicted of only two rather than eight counts of the Indictment. The dismissal of Counts 2 through 7, however,

would not have affected Modaferri's periods of confinement and supervised release, as the conduct alleged in Counts 2 through 7 would have been considered and grouped with the conduct alleged in Counts 1 and 8 for sentencing purposes.

Modaferri has not yet been sentenced. She has, however, reviewed the Presentence Investigation Report ("PSR"), which reflects a total offense level calculation that includes a "gun bump." Modaferri exchanged drugs for a gun. Transcript of Proceedings (December 2, 1999) at 19 ("On July 7th, once again, to Officer Beady [sic], I exchanged eight grams—or seven grams of cocaine for a Glock model 17 pistol"); Memorandum of Plea Agreement (December 2, 1999) at 4 ("The defendant told Officer Beatty that she wanted to purchase a Glock pistol, Model 17 or 18" and "The defendant gave Officer Beatty approximately eight grams of cocaine and received a Glock pistol and two magazines containing 23 rounds of inner hollow point ammunition"). In the PSR, the total offense level was enhanced two levels in light of Modaferri's use of a gun during the commission of a drug offense, and Modaferri was deemed ineligible for the safety valve given the use of a gun.[1]

## III. *ANALYSIS.*

Modaferri asks this court for three things. She asks this court to reject the Plea Agreement. She requests that this court allow her to withdraw from that agreement. Finally, she asks that this court void her waiver of her rights to appeal. In a letter to this court, Modafferi clarified the relief that she is seeking on this motion by stating that she

does not seek to withdraw her guilty plea. On the contrary, she wishes to plead open to the entire indictment. She does not wish to withdraw her guilty plea and go to trial. She merely

does not want to waive her appellate rights ... [regarding] the so-called "gun-bump" under U.S.S.G. § 2D1.1(b)(1).

*See* Letter from Alan Ellis to this court (July 28, 2000).

### A. *Modaferri Has Not Demonstrated a Sufficient Reason for This Court to Reject the Plea Agreement.*

▇ Modaferri's first argument is that this court should reject the Plea Agreement. When, as here, the parties agree that certain charges will be dismissed in return for a defendant's pleading guilty to other charges, Rule 11(e)(2) of the Federal Rules of Criminal Procedure allows this court to accept or reject a plea agreement, or defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report. It is within the discretion of this court to reject or accept any plea agreement. *See United States v. Fagan,* 996 F.2d 1009, 1014 (9th Cir.1993). That discretion revolves around the court's determination of whether a plea agreement is in the public's interest. For example, a sentencing court has the power to reject a plea agreement if it determines that the agreement does not adequately reflect the seriousness of the actual offense behavior or that accepting the agreement will undermine the statutory purposes of sentencing or the Sentencing Guidelines. *United States v. Banuelos–Rodriguez,* 215 F.3d 969, 975 (9th Cir.2000) (en banc) (quoting U.S.S.G. § 6B1.2(a)); *United States v. Miller,* 722 F.2d 562, 563 (9th Cir.1983) (Rule 11 "contemplates the rejection of a negotiated plea when the district court believes that the bargain is too lenient, or otherwise not in the public interest").

▇ The court is not convinced that, in seeking rejection of the Plea Agreement,

---

1. The PSR reflects a total offense level of 25 and a criminal history category of I. With a statutory mandatory minimum custody period of five years, the resulting guideline range is 60 to 71 months. Without the "gun bump" and without the mandatory minimum, Modaferri's guideline range would be 46 to 57 months.

Modaferri is following correct procedure. Rejection or acceptance of a Plea Agreement presupposes that both parties seek acceptance of the agreement. Rejection is based on the court's independent assessment of factors outside what the parties want. Modaferri is not arguing that the court should reject the Plea Agreement because it is not in the public's interest. Instead, Modaferri is arguing that this court should reject the Plea Agreement because, in essence, it amounts to a bad deal for her. The rejection procedure was not designed to help a defendant escape a bad deal. Accordingly, Modaferri's request that this court reject the Plea Agreement is denied.

### B. Modaferri Has Not Demonstrated a Fair and Just Reason for Withdrawing from the Plea Agreement.

Modaferri's second argument is that this court should allow her to withdraw from the Plea Agreement. Modaferri's request is procedurally correct but substantively flawed.

■ The Ninth Circuit has not articulated the standard that a court should apply in analyzing whether a defendant who wishes to retain her guilty plea should be allowed to withdraw from her plea agreement. Rule 32(e) of the Federal Rules of Criminal Procedure provides that a defendant may withdraw a guilty plea for a "fair and just reason." This court concludes that the same standard applies when a defendant seeks to withdraw from a plea agreement rather than from a guilty plea.[2]

■ When the court has accepted a defendant's guilty plea, but the court has yet to accept that defendant's plea agreement, that defendant may withdraw the guilty plea (as opposed to the plea agreement) if he or she can demonstrate a "fair and just reason" under Rule 32(e) of the Federal Rules of Criminal Procedure.[3] United States v. Hyde, 520 U.S. 670, 671, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997). Here, unlike in Hyde, Modaferri is not seeking to withdraw the guilty plea the court has already accepted, but instead to withdraw from only her Plea Agreement.

In United States v. Savage, 978 F.2d 1136, 1138 (9th Cir.1992), cert. denied, 507 U.S. 997, 113 S.Ct. 1613, 123 L.Ed.2d 174 (1993), the Ninth Circuit stated broadly that "neither the defendant nor the government is bound by a plea agreement until it is approved by the court." That broad statement, however, appears to have been premised on the assumption that the court had also not yet accepted any guilty plea. Indeed, the Ninth Circuit has quoted Savage to that effect. See United States v. Alvarez–Tautimez, 160 F.3d 573, 576 (9th Cir.1998) ("Unless and until a court accepts a guilty plea, a defendant is free to renege on a promise to so plead") (quoting Savage, 978 F.2d at 1137).

The Seventh Circuit is the only court that, following Hyde, has addressed the issue of what standard applies when a party seeks to withdraw only from a plea agreement, not from a guilty plea that has been accepted. In United States v. Standiford, 148 F.3d 864, 868 (7th Cir.1998), the court said, "We believe that it is appropriate to employ the standards of Federal Rule of Criminal Procedure 32(e) to determine whether Mr. Standiford ought to be allowed to withdraw from his plea agree-

---

**2.** Both parties agreed at the hearing on this motion that the "fair and just reason" standard applies to Modaferri's motion.

**3.** Federal Rule of Criminal Procedure 32(e) states:

If a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, *the court may permit the plea to be withdrawn if the defendant shows any fair and just reason.* At any later time, a plea

may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.

Fed.R.Crim.P. 32(e) (emphasis added). Withdrawal of guilty pleas is freely granted before sentencing when there is a fair and just reason for doing so, but the burden is on the defendant to present such a reason. *United States v. Navarro–Flores,* 628 F.2d 1178, 1183 (9th Cir.1980).

ment." In *Standiford*, the defendant pled guilty to three counts of bank robbery and agreed to waive his appeal rights. Before sentencing and before the court decided whether to accept or reject the plea agreement, a decision the court had deferred pending its review of the presentence report, the defendant sought to withdraw his plea agreement and plead guilty without a plea agreement. *Id.* at 866. *Standiford* concluded that the district court did not abuse its discretion in denying the defendant's request to withdraw from his plea agreement because it concluded that he had knowingly and intelligently waived his appellate rights. *Id.* at 870. These facts are nearly identical to the facts in this case.

Particularly because the Ninth Circuit decided *Savage* before the Supreme Court held in *Hyde* that the "fair and just reason" standard applies when a defendant seeks to withdraw a guilty plea, the applicability of *Savage* to the facts of this case (involving an already accepted guilty plea) is questionable. It would make little sense to allow a defendant to withdraw a guilty plea only when there is a "fair and just reason," but to read *Savage* as allowing a defendant who has pled guilty to withdraw from a plea agreement for any reason whatsoever up until the time the court accepts that plea agreement.

■■■ Because the law is undeveloped as to what constitutes a "fair and just reason" for withdrawing from plea agreements, the court looks to cases interpreting that standard when a defendant seeks to withdraw a guilty plea. In the guilty plea context, courts have indicated that "newly discovered evidence, intervening circumstances, or any other reason for withdrawing his plea that did not exist when he pleaded guilty" may provide a "fair and just reason." *United States v. Rios–Ortiz*, 830 F.2d 1067, 1069 (9th Cir.

1987). A claim of innocence, unsupported by evidence, is not a fair and just reason for allowing withdrawal of a guilty plea, *see United States v. Turner*, 898 F.2d 705, 713 (9th Cir.), *cert. denied*, 495 U.S. 962(199), 110 S.Ct. 2574, 109 L.Ed.2d 756, but a claim supported by evidence could conceivably provide such a reason under certain circumstances. Ineffective assistance of counsel may additionally provide a "fair and just reason" for the withdrawal of a guilty plea.[4] *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir.1990), *cert. denied*, 499 U.S. 940, 111 S.Ct. 1398, 113 L.Ed.2d 454 (1991). In the present case, Modaferri claims that her former counsel ineffectively assisted her.

■■■ A challenge to a guilty plea based on a claim of ineffective assistance of counsel is analyzed using a two-part test: "a criminal defendant must show that his counsel's performance was deficient, and that this deficient performance prejudiced his defense." *Id. Accord Johnson v. Baldwin*, 114 F.3d 835, 837–38 (9th Cir.1997) ("In order to prevail on his claim of ineffective assistance of counsel, Albert must show (1) that his counsel's performance, viewed objectively, was outside the wide range of professionally competent assistance, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different") (quotations omitted).

■■■ To show deficient performance, the defendant must show that the counsel's representation fell below an objective standard of reasonableness. *See United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir.), *cert. denied*, 484 U.S. 832, 108 S.Ct. 107, 98 L.Ed.2d 66 (1987). Ineffective assistance of counsel occurs when the behavior complained of falls below prevailing professional norms. *United States v. McMullen*, 98 F.3d 1155, 1158 (9th Cir.

---

4. A defendant's mere change of heart about pleading guilty is insufficient to allow him to withdraw his plea. *See Rios–Ortiz*, 830 F.2d at 1069–70 ("this court has not overturned a denial of a motion to withdraw a guilty plea absent something more than the defendant's change of mind").

1996), *cert. denied,* 520 U.S. 1269, 117 S.Ct. 2444, 138 L.Ed.2d 203 (1997). Tactical decisions that are not objectively unreasonable do not necessarily constitute ineffective assistance of counsel. *Hensley v. Crist,* 67 F.3d 181, 185 (9th Cir.1995). The Supreme Court has stated:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690, 104 S.Ct. 2052. Although Modaferri argues that her former counsel's representation of her was ineffective, she has failed to meet her burden of showing that her former counsel's assistance was deficient and that the representation prejudiced her.[5]

■ Modaferri argues that her former attorney's conduct fell outside the wide range of professionally competent assistance when he advised her to enter into

the Plea Agreement. Modaferri failed to introduce any objective evidence even suggesting that her former counsel was ineffective. She simply baldly claimed that it was "per se" unreasonable for an attorney to advise a defendant to accept a plea agreement that afforded the defendant only the right to a little benefit. She says that the Plea Agreement only had the effect of reducing the special assessments against her by $600, while leaving her facing the same sentence whether she pled guilty to Counts 1 and 8 or to Counts 1 through 8. She says that her former attorney's conduct fell outside the range of professionally competent assistance because he advised her to waive her rights of appeal, including the right to appeal the application of the firearms enhancement that affects not only her offense level, but also her eligibility for the safety valve under U.S.S.G. § 5C1.2. At the hearing on this motion, however, Modaferri conceded that she had no authority supporting the proposition that her former attorney's representation was "per se" ineffective.

■ The court recognizes that some things are so egregious that they can be said to demonstrate "per se" ineffective assistance of counsel. For example, when a defense attorney abandons his duty of loyalty to his client and effectively joins the government in an effort to obtain a conviction, that attorney suffers from an obvious conflict of interest that demonstrates ineffective assistance of counsel. *Frazer v. United States,* 18 F.3d 778, 782–84 (9th Cir.1994). Similarly, when counsel concedes in closing argument that there is no reasonable doubt that his client is guilty, that client does not have effective assistance of counsel. *United States v. Swanson,* 943 F.2d 1070, 1074 (9th Cir. 1991). Other circuits have held that, when

---

**5.** Modaferri additionally makes a purported contract–related argument that the little consideration she received ($600 less in special assessments and the right to plead guilty to fewer than all of the counts) via the Plea Agreement supplies the "fair and just reason" for allowing her to withdraw from the Plea

Agreement. However, the consideration was known to Modaferri when she entered into the Plea Agreement; her belated change of heart as to whether that consideration is sufficient is not a "fair and just reason" for withdrawing from her agreement. *See Rios–Ortiz,* 830 F.2d at 1069.

a defendant's "attorney" has not been admitted to any bar, "per se" ineffective assistance of counsel exists. *See United States v. Mitchell,* 216 F.3d 1126, 1132 (D.C.Cir.2000) ("We decline appellant's invitation to extend the per se ineffectiveness rule beyond cases in which a defendant is represented by a person never properly admitted to any bar"). The "per se" rule has also been applied when a defendant's attorney is implicated in a defendant's crimes. *See United States v. Rondon,* 204 F.3d 376, 379–80 (2d Cir. 2000) ("we have applied the per se rule in only two situations: when, unknown to the defendant, counsel was, at the time of representation, (1) not duly licensed to practice law because of a failure ever to meet the substantive requirements for the practice of law, or (2) implicated in the defendant's crimes") (quotations and citations omitted). In each of these cases, a defendant's Sixth Amendment right to counsel was so fundamentally impaired that courts deemed counsel to have been ineffective. Modaferri does not show that her former counsel's representation of her resulted in an equivalent fundamental impairment of her Sixth Amendment right to counsel. This court therefore does not deem former counsel to have been ineffective "per se." Nor can this court conclude that Modaferri's former counsel's representation fell outside the wide range of professionally competent assistance merely because she now thinks she made a bad deal.

Even assuming that Modaferri could show that her former counsel represented her in a deficient manner, she does not satisfy the second prong of her challenge based on ineffective assistance of counsel. The second prong requires her to show that she was prejudiced. In *Hill v. A.L. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court, examining a defendant's attempt to withdraw a guilty plea, stated that, to show prejudice, a defendant must show that there was a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insist-

ed on going to trial. The Supreme Court reasoned that a mere "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 57, 106 S.Ct. 366.

Modaferri analogizes her situation to *Hill* and argues that she shows prejudice if she shows that, but for her former attorney's allegedly deficient performance, she would have insisted on pleading guilty without the Plea Agreement to all eight counts of the Indictment, as opposed to pleading guilty to Counts 1 and 8 pursuant to the Plea Agreement. Modaferri's argument fails to take into account the essence of *Hill. Hill* focused on an analysis of whether, but for the allegedly deficient performance by an attorney, the outcome of a proceeding would have been different.

In *Hill,* the Court noted that, in guilty plea cases, the prejudice inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective assistance challenges to trial convictions. *Id.* at 59, 106 S.Ct. 366. When, for example, a defendant claims that an attorney failed to discover evidence, causing that defendant to plead guilty, whether the attorney was ineffective depends on the likelihood that the evidence would have led the attorney to change that attorney's recommendation about the plea. *Id.* The Supreme Court focused on whether the evidence was likely to have changed the outcome of the trial. *Id.* This court must therefore determine whether the outcome of Modaferri's case would likely be different if Modaferri is allowed to plead without the Plea Agreement.

Modaferri wants to withdraw from her Plea Agreement because she would like to appeal the application of the "gun bump" under U.S.S.G. § 2D1.1(b)(1), which affects her sentence by increasing her level by two and making her ineligible for the safety valve. *See* Letter from Alan Ellis to this court (July 18, 2000). Under the rea-

soning set forth in *Hill,* this court must evaluate whether the preservation of the "gun bump" appeal should have led Modaferri's former counsel to have changed his recommendation about the Plea Agreement. This court must therefore focus on the likelihood that Modaferri's appeal would be successful, as that is the outcome that, in the present context, is most analogous to the outcome of a trial in a guilty plea context. The court believes that it is unlikely that Modaferri has a meritorious argument regarding the "gun-bump."

Modaferri exchanged a Glock pistol for cocaine. Transcript of Proceedings (December 2, 1999) at 19; Memorandum of Plea Agreement (December 2, 1999) at 4. In *Smith v. United States,* 508 U.S. 223, 225, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993), *reh'g denied,* 508 U.S. 223, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993), the Supreme Court held that the exchange of a gun for narcotics constitutes "use" of a firearm "during and in relation to . . . [a] drug trafficking crime within the meaning of 18 U.S.C. § 924(c)(1)," which provides for a mandatory term of imprisonment of not less than five years for such use. Under U.S.S.G. § 2D1.1(b)(1), a total offense level is increased by two if "a dangerous weapon (including a firearm) was possessed." There can be little doubt that, if a firearm is "used" when it is exchanged for narcotics, it would also be "possessed" when it is exchanged for narcotics.

Because Modaferri does not show a likelihood that a "gun bump" appeal would be successful, she fails to demonstrate that she has been prejudiced by her former counsel's advice to accept her Plea Agreement and limit her appellate rights.

Because Modaferri has not demonstrated that she satisfies either the deficient performance prong or the prejudice prong of the ineffective assistance of counsel test, she has not demonstrated that she has a

"fair and just reason" for withdrawing from her Plea Agreement.

#### C. *Voiding Waiver of Appellate Rights.*

As an alternative, Modaferri asks this court to void her waiver of her appellate rights. An express waiver of the right to appeal in a negotiated plea agreement is valid if it is "knowingly and voluntarily made." *United States v. Bolinger,* 940 F.2d 478, 480 (9th Cir.1991) (holding that a defendant waived his right to appeal a sentence of less than 36 months when the plain meaning of the plea agreement was that he waived his appeal rights unless a sentence in excess of 36 months was imposed); *United States v. Navarro–Botello,* 912 F.2d 318, 319 (9th Cir.1990), *cert. denied,* 503 U.S. 942, 112 S.Ct. 1488, 117 L.Ed.2d 629 (1992). The transcript of the hearing on Modaferri's change of plea shows that Modaferri's waiver of her appellate rights was both knowing and voluntary. For example, the court stated:

Q: Now, Mr. Muehleck had said, in summarizing the plea agreement, that the government is going to keep every right of appeal it has, but you are going to limit your right of appeal from the sentence that you ultimately get, and you'll only be able to appeal in those two instances he outlined, which is if I give you a sentence more severe than the guidelines, or if you are going to challenge your attorney's assistance as not having been effective; do you understand that?

A: Yes, I do, Your Honor.

Transcript of Proceedings (December 2, 1999) at 12–13.

Modaferri nevertheless says that the portions of the Plea Agreement pertaining to her waiver of appellate rights should be found invalid because she received little consideration in exchange for that waiver.[6]

---

**6.** At the hearing, Modaferri also argued that this court should void her waiver of appellate rights, but not the entire Plea Agreement, based on ineffective assistance of counsel. This court has already held that Modaferri has failed to meet her burden of demonstrat-

The Ninth Circuit has stated that plea agreements are subject to contract-law standards of interpretation. *United States v. Martinez*, 143 F.3d 1266, 1271 (9th Cir.), *cert. denied*, 525 U.S. 911, 119 S.Ct. 254, 142 L.Ed.2d 209 (1998).

█ Under rudimentary contract law, a court cannot undo a bargain just because it is a bad deal. The comments to the Restatement (Second) of Contracts state:

> Ordinarily ... courts do not inquire into the adequacy of consideration. This is particularly so when one or both of the values exchanged are uncertain or difficult to measure.... [T]he requirement of consideration is not a safeguard against imprudent and improvident contracts except in cases where it appears that there is no bargain in fact.

Restatement (Second) of Contracts (1981) § 79, cmt. c. This proposition appears consistent with Hawaii contract law, which governs here.[7] *Accord Burger King Corp. v. Mason*, 710 F.2d 1480, 1490 (11th Cir. 1983) (recognizing a general rule that parties to a contract may strictly enforce its terms and that the courts will not rewrite an agreement to undo the consequences of a bad bargain); *Consumers Ice Co. v. United States*, 201 Ct.Cl. 116, 475 F.2d 1161, 1167 (1973) (noting that, absent ambiguity in a contract, a court should not look behind the consideration for the agreement when asked to enforce the terms of that contract).

█ Modaferri's special assessments were reduced by $600. Modaferri also received a more intangible benefit in being allowed to plead guilty to two counts instead of eight. This means that, when asked about her convictions in the future, Modaferri will be able to depict her criminal background as less serious than if she had been convicted on all eight counts. Modaferri minimized this benefit at the hearing, which was admittedly addressed by the Ninth Circuit only in an unpublished opinion, but a contract does not require extensive consideration to be enforceable. The consideration Modaferri received is sufficient to support the Plea Agreement. Accordingly, Modaferri's request that this court void her waiver of appellate rights is denied.

## IV. CONCLUSION.

Modaferri has not met her burden of showing that this court should reject the Plea Agreement, allow her to withdraw from her Plea Agreement, or void her waiver of appellate rights. Accordingly, her motion is denied.

IT IS SO ORDERED.

---

ing that her former counsel was ineffective. Moreover, Modaferri's request that this court sever and void only one provision of the Plea Agreement appears based on the anomalous premise that Modaferri's former counsel was, in fact, effective in advising Modaferri on the rest of the Plea Agreement.

7. Section 79 states:
   If the requirement of consideration is met, there is no additional requirement of
   (a) a gain, advantage, or benefit to the promisor or a loss, disadvantage, or detriment to the promisee; or
   (b) equivalence in the values exchanged; or
   (c) "mutuality of obligation."
   Restatement (Second) of Contracts (1981) § 79.
   Although Hawaii courts have not expressly adopted section 79, one court has referred to it in concluding that sufficient evidence was presented to a jury to enable that jury to determine that an agreement was supported by consideration. *Shanghai Inv. Co. v. Alteka Co.*, 92 Hawai'i 482, 496, 993 P.2d 516, 530 (2000).