**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Cheng Koy SAECHO, aka Yao Cheng**
**Chow, Tom Ching Chow,**
**Defendant—Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Cheng Koy Saechao, Defendant—**
**Appellant.**

No. 02–30248, 02–30229.

D.C. No. CR–01–00165–A–JWS,
CR–01–00102–JWS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 13, 2003.

Decided Sept. 10, 2003.

Charlie Brown, U.S. Attorney, Asst. U.S. Attorney, Karen L. Loeffler, AUSA, Mark A. Rosenbaum, AUSA, USAK–Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

William F. Dewey, Ashton & Dewey, Anchorage, AK, for Defendant–Appellant.

Before PREGERSON, CANBY, and McKEOWN, Circuit Judges.

## MEMORANDUM *

Following a bench trial, the district court convicted and sentenced Cheng Koy Saechao for conspiracy to attempt to import opium, in violation of 21 U.S.C. § 963, attempt to import opium, in violation of 21 U.S.C. § 963, and facilitating transportation of smuggled goods, in violation of 18 U.S.C. § 545. Saechao raises three arguments on appeal. First, he contends that the district court erred in allowing the government to withdraw from a plea agreement negotiated by the two parties. Second, Saechao argues that his waiver of a jury trial was not voluntarily, knowingly, and intelligently made. Third, Saechao contends that he should have been granted a two point reduction under the Sentenc-ing Guidelines for "acceptance of responsi-bility." We reject these arguments and affirm.

■ Either party may withdraw from a plea agreement before it is approved and accepted by the court. *United States v. Savage*, 978 F.2d 1136, 1138 (9th Cir.1992) ("[N]either the defendant nor the govern-ment is bound by a plea agreement until it is approved by the court."); *see also Unit-ed States v. Fagan*, 996 F.2d 1009, 1013 (9th Cir.1993) ("A plea agreement that has not been entered and accepted by the trial court does not bind the parties."). Al-though there is a detrimental reliance ex-ception to this general rule, *Savage*, 978 F.2d at 1138, Saechao cannot prove that he detrimentally relied on the plea agree-ment. Therefore, we conclude that the district court did not err by granting the government's motion to withdraw from the plea agreement and refusing to enforce the plea agreement.

■ We further conclude that Saechao's waiver of his right to a jury trial was voluntary, knowing, and intelligent, and in accordance with Federal Rule of Criminal Procedure 23(a).[1] The waiver was in writ-ing; the court required it to be read to Saechao in translation before he signed it; the government consented to the waiver; the court accepted it; and the waiver was made voluntarily, knowingly, and intelli-gently. *See Duarte–Higareda*, 113 F.3d at 1002 (citing *United States v. Cochran*, 770 F.2d 850, 851 (9th Cir.1985)).

■ The United States Sentencing Guideline § 3E1.1(a) requires the sentenc-

---

* This disposition is not appropriate for publica-tion and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. This court reviews *de novo* the adequacy of a jury waiver, which is a mixed question of fact and law. *United States v. Duarte–Higare-da*, 113 F.3d 1000, 1002 (9th Cir.1997).

ing court to reduce Saechao's offense level by two levels "[i]f [he] clearly demonstrates acceptance of responsibility for his offense." We conclude that the district court did not abuse its discretion in denying Saechao an adjustment for acceptance of responsibility. *See United States v. Mohrbacher,* 182 F.3d 1041, 1052–53 (9th Cir.1999).

AFFIRMED.

PREGERSON, Circuit Judge, dissenting in part and concurring in part.

PREGERSON, Circuit Judge.

In may view, the district court failed to conduct, through the court appointed interpreter, an in-depth colloquy with Sae-chao to ensure that his jury waiver was voluntary, knowing, and intelligent. *See United States v. Duarte–Higareda,* 113 F.3d 1000, 1003 (9th Cir.1997); *United States v. Christensen,* 18 F.3d 822, 826 (9th Cir.1994). Therefore, I would reverse and remand on the jury waiver issue. I concur on the other two issues.