**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Antonio SOLORIO–GONZALEZ,**
**Defendant–Appellant.**

No. 04–50257.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 2005.

Decided July 5, 2006.

Maura Quinn and Patrick O'Toole, on the brief, Mark Rehe, argued, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Sylvia Baiz, Esq., San Diego, CA, for Defendant–Appellant.

Before CANBY, FERNANDEZ, and BERZON, Circuit Judges.

MEMORANDUM *

Antonio Solorio–Gonzalez appeals his convictions for bringing an alien into the country for financial gain and without presentation. 8 U.S.C. § 1324(a)(2)(B)(ii)-(iii). We have jurisdiction under 28 U.S.C. § 1291 and we affirm. Because the parties are familiar with the facts, we do not recount them here.

## I

■ The district court correctly ruled that Solorio's confession was voluntary because his will was not "overborne by the circumstances surrounding [its] giving...." *Dickerson v. United States,* 530 U.S. 428, 434, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000) (internal quotation marks omitted). Officer Armijo told Solorio why he was detained and twice read him his *Miranda* rights in Spanish before questioning Solorio. Solorio waived his *Miranda* rights after each reading. Armijo did not use intimidation, physical force, improper promises or threats when questioning Solorio. Solorio was alert and not impaired by drugs or alcohol when he confessed. The room where Solorio was questioned had two windows that allowed people passing in the busy hallway to view his interrogation. Solorio was not handcuffed, and Armijo's weapon was holstered during the interrogation.

## II

■ Solorio arrived at the port of entry and was arrested around 10:40 p.m. on October 7, 2002. He confessed at 7:15 a.m. on October 8. The delay between Solorio's arrest and his confession does not make his voluntary confession inadmissible, even though the period of delay exceeded the six-hour "safe harbor" provision of 18 U.S.C. § 3501(c). The delay was reasonable and the public policy concerns preventing admission of involuntary confessions and encouraging early processing of defendants were not present. *See United States v. Van Poyck,* 77 F.3d 285, 288–89 (9th Cir.1996); 18 U.S.C. § 3501(b).

■ Nor does the delay in presenting Solorio to a magistrate render his confession inadmissible. After Solorio confessed, Armijo interrogated Solorio's wife, brother, and the material witness. Armijo finished the interrogations by 11:30 a.m. on October 8, but did not complete Solorio's prosecution package until 9:00 p.m. that evening. Solorio was arraigned at 10:30 a.m. on October 9, the next hearing after the arraignment paperwork was finished. Solorio was not questioned further between his confession and arraignment. The delay in arraignment was neither deliberate nor designed to obtain Solorio's confession. *See United States v. Padilla–Mendoza,* 157 F.3d 730, 732 (9th Cir.1998); *United States v. Wilson,* 838 F.2d 1081, 1085 (9th Cir.1988). The delay was a result of the immigration officers' heavy caseload and the court's schedule, and was reasonable. *See United States v. Gamez,* 301 F.3d 1138, 1143 (9th Cir.2002) (holding a 31–hour detention reasonable because no interrogation could take place until a Spanish-speaking FBI agent arrived); *see generally,* FED. R.CRIM. P. 5(a) (requiring an arresting officer to take a defendant be-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

634

fore a judicial officer "without unnecessary delay" unless certain exceptions apply).

## III

■ We review *de novo* whether admitting the unavailable witness's hearsay statements violated the Confrontation Clause. *See United States v. Cervantes–Flores*, 421 F.3d 825, 831 (9th Cir.2005). Admission of such a statement violates the Sixth Amendment when it is testimonial and there has been no opportunity of cross-examination. *See Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). We conclude that the witness's statement that he was a citizen of Mexico, made during an interrogation being conducted as part of the investigation immediately following Solorio's arrest, was testimonial. *See Davis v. Washington*, —— U.S. ——, —— 126 S.Ct. 2266, 2273, 165 L.Ed.2d 224 (2006) (holding that statements in response to police interrogation are testimonial "when the circumstances [surrounding their giving] objectively indicate that there is no ... ongoing emergency, and that the primary purpose of the investigation is to establish or prove past events potentially relevant to a later criminal prosecution"); *Crawford*, 541 U.S. at 56, 124 S.Ct. 1354 n. 7 (noting that "[i]nvolvement of government officers in the production of testimony with an eye toward trial presents unique potential for prosecutorial abuse" which does not evapo-

rate when it falls within a broad hearsay exception); *see also United States v. Cervantes–Flores*, 421 F.3d at 833–34 (9th Cir. 2005) (stating that *Crawford*'s examples of testimonial evidence "all involve live out-of-court statements against a defendant elicited by a government officer with a clear eye to prosecution").[1] Admission of the testimony was therefore error under *Crawford*. We assume, without deciding, that Solorio adequately raised in the district court a Confrontation Clause objection to the admission of this statement. Confrontation Clause violations are subject to constitutional harmless error review. *United States v. Bowman*, 215 F.3d 951, 961 (9th Cir.2000). The other evidence of Solorio's guilt was overwhelming. A review of the record, therefore, indicates that any Confrontation Clause error was harmless beyond a reasonable doubt. We do not address the question whether the government made sufficient efforts to obtain the witness's presence to qualify the statement for an exception to the hearsay rule under Federal Rule of Evidence 804, because any error in that regard would be harmless for the same reasons the Confrontation Clause error was harmless.

## IV

■ The district court properly refused to enforce the prosecutor's oral plea offer. We review this issue *de novo*. *United States v. Fagan*, 996 F.2d 1009, 1013 (9th

1. The government contends that the questioning of the witness concerning his alienage was merely an administrative immigration inquiry, comparable to routine booking questions that have regularly been held not to be interrogation. The cases on which the government relies, however, hold that such questioning is not "interrogation" for purposes of *Miranda* warnings. *See, e.g., United States v. Salgado*, 292 F.3d 1169, 1174 (9th Cir.2002). That is an entirely different issue. *Crawford* made clear that, in concluding that "interrogations by law enforcement officers fall

squarely" within the class of testimonial hearsay, it was using " 'interrogation' in its colloquial, rather than any technical legal, sense." *Crawford*, 541 U.S. at 53, 124 S.Ct. 1354 & n. 4. *See Davis*, —— U.S. at ——, 126 S.Ct. at 2278 (holding that, where the statements in issue "were neither a cry for help nor the provision of information enabling officers immediately to end a threatening situation, the fact that they were given at an alleged crime scene and were 'initial inquiries' is immaterial"; statements were testimonial).

Cir.1993). The parties' oral plea agreement was not binding because (1) it was repudiated and never received court approval, and (2) no action was taken in reliance on it. *See United States v. Savage,* 978 F.2d 1136, 1138 (9th Cir.1992). Solorio confessed to his offenses after his arrest and before the prosecutor's plea offer. The information provided by Solorio pursuant to his proffer was not in reliance on a plea bargain; the proffer agreement specified that no promises or agreements had been entered into that were not set forth in the proffer agreement, and that none would be entered into except in writing signed by the parties.

## V

There was no *Booker* error in Solorio's sentence because there was no judicial fact-finding involved in calculating it. *See United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 748–49, 160 L.Ed.2d 621 (2005). Solorio's calculated sentence under the sentencing guidelines would have been less than the mandatory minimum for his offenses. The application of the statutory minimum forecloses any probability that the district court could have imposed a different sentence had it treated the sentencing guidelines as advisory rather than mandatory. *See United States v. Ameline,* 409 F.3d 1073, 1079 (9th Cir. 2005).

The judgment of the district court is

**AFFIRMED.**

---

* The Honorable Robert C. Jones, District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.