**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANCIS S.K. OGATA, Sr.,

Defendant - Appellant.

No. 13-10389

D.C. No. 1:12-cr-00190-HG-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, Senior District Judge, Presiding

Argued and Submitted June 12, 2014
Honolulu, Hawaii

Before: W. FLETCHER, IKUTA, and HURWITZ, Circuit Judges.

Francis Ogata, Sr., appeals from the district court's judgment sentencing him

to 240 months in prison after a jury found him guilty of knowingly attempting to

possess with intent to distribute 50 or more grams of methamphetamine in

violation of 21 U.S.C. § 841(a)(1), (b)(1) and § 846.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court did not abuse its discretion by holding that evidence of Ogata's 2004 conviction for his role in a methamphetamine distribution conspiracy in Hilo, Hawaii, was admissible under Rule 404(b)(2) of the Federal Rules of Evidence. The 2004 conviction tended to show that Ogata "had specialized knowledge regarding methamphetamine transactions" and methamphetamine distribution in Hilo specifically, *United States v. Ramirez-Robles*, 386 F.3d 1234, 1242 (9th Cir. 2004), and that he knew that the substance in the parcel he accepted was methamphetamine, *see United States v. Howell*, 231 F.3d 615, 628 (9th Cir. 2000). Ogata's 2004 conviction involved the same drug and offenses as the current charge, unlike the situation in *United States v. Hernandez-Miranda*, 601 F.2d 1104, 1107–09 (9th Cir. 1979).

Nor did the district court abuse its discretion by admitting photographs of eight shipping labels found in the post office's records. The labels indicated that eight packages had been delivered to Crystal Ogata's post office box, and Crystal Ogata testified that she had not picked up any of those packages and that several other people had access to the box. Therefore, the labels were relevant to the government's efforts to show that Ogata had the opportunity to pick up the subject parcel and thus admissible under Federal Rule of Evidence 402. *See Tennard v. Dretke*, 542 U.S. 274, 284–85 (2004). The labels were not evidence of "a crime,

2

wrong, or other act" that could "prove [Ogata's] character in order to show that on a particular occasion [Ogata] acted in accordance with the character." Fed. R. Evid. 404(b)(1). Because the risk of prejudice to Ogata was insubstantial, the labels were not inadmissible under Federal Rule of Evidence 403.

The district court did not clearly err by finding that no enforceable plea agreement existed. The court never approved a plea agreement, and therefore the government was free to withdraw from any agreement that may have existed with Ogata. *See United States v. Savage*, 978 F.2d 1136, 1138 (9th Cir. 1992). Because no enforceable agreement existed, the district court did not abuse its discretion by declining to hold an evidentiary hearing.

**AFFIRMED.**