[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2006
THOMAS K. KAHN
CLERK

No. 04-12875
Non-Argument Calendar

_____

D. C. Docket No. 99-08125-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARLAND HOGAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 17, 2006)**

Before TJOFLAT, ANDERSON and CARNES, Circuit Judges.

PER CURIAM:

Garland Hogan, a <u>pro se</u> federal prisoner, appeals the district court's denial

of his motion for a new trial, filed pursuant to Fed. R. Crim. P. 33(b), because the district court concluded that it lacked jurisdiction to entertain the motion while a direct appeal was pending.  We vacate and remand.

Whether a district court is divested of jurisdiction during the pendency of an appeal is a question of law subject to plenary review.  United States v. Tovar-Rico, 61 F.3d 1529, 1532 (11th Cir. 1995).  Generally, "the filing of a notice of appeal divests the district court of jurisdiction over the aspects of the case involved in the appeal."  Id.  The Supreme Court has explained that general rule:

> [A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58, 103 S. Ct. 400, 402 (1982).

Federal Rule of Criminal Procedure 33(b)(1) provides that, when "an appeal is pending, the court may not grant a motion for a new trial [grounded on newly discovered evidence] until the appellate court remands the case."  Fed. R. Crim. P. 33(b)(1).  Nonetheless, a district court does have jurisdiction to entertain a motion for a new trial under Fed. R. Crim. P. 33(b).  The Supreme Court has instructed

2

that a "District Court ha[s] jurisdiction to entertain [a] motion [for a new trial under Fed. R. Crim. P. 33] and either deny the motion on its merits, or certify its intention to grant the motion to the Court of Appeals, which could then entertain a motion to remand the case." United States v. Cronic, 466 U.S. 648, 667 n.42, 104 S. Ct. 2039, 2051 n.42, (1984). We have held: "A motion for a new trial may be presented directly to the district court while the appeal is pending; that court may not grant the motion but may deny it, or it may advise us that it would be disposed to grant the motion if the case were remanded." United States v. Fuentes-Lozano, 580 F.2d 724, 726 (5th Cir. 1978). Therefore, the district court erred when it determined that it lacked jurisdiction to entertain Hogan's motion because his direct appeal was pending.

We note that events have overtaken the case anyway. Since the district court order we have disposed of Hogan's direct appeal with an affirmance. The mandate has issued, returning to the district court jurisdiction over the case. On the remand from this appeal, therefore, the district court should exercise that jurisdiction by either granting or denying the motion for a new trial, as the law and facts dictate.

**VACATED** and **REMANDED**.

3