[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 5, 2007
THOMAS K. KAHN
CLERK

No. 02-10368
_____

D.C. Docket No. 99-08125-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ARROYA,

Defendant,

WANDA TIRADO,
GARLAND HOGAN,
GARY PIERCE,
ZANE BALSAM,
ALAN RICHARD LEWIS,

Defendants-Appellants.

_____

Appeals from the United States District Court for the
Southern District of Florida

_____

**(January 5, 2007)**

**ON REMAND FROM THE
UNITED STATES SUPREME COURT**

Before BIRCH, KRAVITCH and FARRIS,[*] Circuit Judges.

PER CURIAM:

Wanda Tirado, Garland Hogan, Gary Pierce, Zane Balsam, and Alan Richard Lewis were convicted of bilking investors out of their money in a fraudulent viatical investment company scheme. At sentencing, each defendant challenged their sentences under Apprendi v. New Jersey, 530 U.S. 466 (2000). The court overruled the objections and sentenced the defendants separately to the following terms of imprisonment: 262 months for Tirado; 324 months for Hogan; 240 months for Pierce; 360 months for Balsam; and 151 months for Lewis. Each appealed their convictions and sentences, again raising the Apprendi claim.[1] Upon review, we affirmed the convictions and sentences. United States v. Arroya, No. 02-10368 (11th Cir. Jun. 24, 2004).

---

[*] Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

[1] Hogan neither raised the issue in his initial brief nor adopted it from another appellate brief. Following our decision affirming the convictions and sentences, each defendant moved for rehearing. We granted Hogan's motion to adopt the motions, arguments and pleadings of his codefendants in connection with that motion. Contrary to Hogan's assertion, the permission to adopt arguments filed after the opinion issued and in connection with a motion for rehearing does not relate back to the issues raised in the initial briefs on appeal. Nevertheless, because we conclude that there was Booker error at sentencing, we exercise our discretion and address the issue as if it was preserved. United States v. Rivera Pedin, 861 F.2d 1522, 1527 n.9 (11th Cir. 1988).

Thereafter, the Supreme Court issued its decision in United States v. Booker, 543 U.S. 220 (2005), holding that the Sixth Amendment required that any fact that increased a defendant's sentence beyond the maximum authorized by the facts established by a jury verdict must be admitted by the defendant or proven to a jury beyond a reasonable doubt. The Court further concluded that the Sentencing Guidelines were not mandatory, but were advisory and were one factor to consider in imposing a reasonable sentence in light of the sentencing factors in 18 U.S.C. § 3553(a).

Tirado, Hogan, Pierce, Balsam, and Lewis filed petitions for certiorari, each raising Booker issues. The Supreme Court granted cert. and vacated and remanded the appeals in light of the Booker decision. On remand, after a thorough review of the record, we re-affirm the convictions for the reasons stated in our earlier opinion. We now turn to the sentences imposed.

By raising Apprendi at sentencing and on direct appeal, the Booker argument has been preserved, and we review the claim de novo. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005); United States v. Dowling, 403 F.3d 1242, 1246 (11th Cir.), cert. denied, 126 S.Ct. 462 (2005). In conducting this review, we will vacate and remand unless the government can show that the error was harmless. United States v. Mathenia, 409 F.3d 1289, 1291-92 (11th Cir. 2005);

3

Paz, 405 F.3d at 948. To show that a constitutional error was harmless, the government must show that the error did not affect the defendant's substantial rights, or in other words, "where it is clear 'beyond a reasonable doubt that the error complained of did not contribute to the [sentence] obtained.'" Mathenia, 409 F.3d at 1291-92. To show statutory harmless error, the government faces a less demanding standard but must show that, viewing the proceedings in their entirety, the error had no effect or a very slight effect on the sentence. Id. Our precedent on this burden is clear: the government must show that the court would not have imposed a lesser sentence under an advisory guidelines system. United States v. Glover, 431 F.3d 744, 749-50 (11th Cir. 2005).

Here, the government has not met its burden. As to all defendants, the court made factual findings that went beyond those found by the jury. Moreover, in each case, the court applied the guidelines in a mandatory fashion.

After a thorough review of the record, we conclude that, in light of the court's statements at sentencing, the government cannot show that the Booker error was harmless. Accordingly, we AFFIRM the convictions and we VACATE and REMAND for resentencing in accordance with Booker.