[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 4, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12946
Non-Argument Calendar

_____

D. C. Docket No. 99-08125-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ZANE BALSAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 4, 2008)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

This is Zane Balsam's appeal of his conviction and sentence for engaging in

financial transactions with criminally derived property in violation of 18 U.S.C. §

1957 and his sentences for money laundering with intent to conceal the proceeds in violation of 18 U.S.C. § 1956(a)(1)(B) and conspiring to commit a money laundering offense in violation of 18 U.S.C. § 1956(h).

## I.

In 1996 Zane Balsam and another man founded what they represented to be a viatical investment company—a company that buys life insurance policies at a discounted rate from terminally ill policy holders. In fact, the company was simply a vehicle to steal its investors' money. Balsam and several others were charged with and tried for various offenses related to the scheme. During the trial Balsam made a motion for a judgment of acquittal or, in the alternative, a new trial. The district court denied his motion. At the close of evidence, Balsam renewed his motion, and the court again denied it. The jury convicted him of one count of conspiracy to commit a money laundering offense in violation of 18 U.S.C. § 1956(h), one count of engaging in a financial transaction with criminally derived proceeds in excess of $10,000 in violation of 18 U.S.C. § 1957, and nine counts of money laundering with the intent to conceal or disguise the nature, source or ownership of the proceeds in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

Before sentencing, the probation office prepared a presentence investigation report on Balsam. In the PSR the probation office first grouped all of Balsam's

offenses under U.S.S.G. § 3D1.2 because they "involv[ed] substantively the same harm." The money laundering charges carried the highest offense level, so U.S.S.G. § 3D1.3 required that the probation office use that offense level in calculating Balsam's guideline range. The probation office assigned Balsam a base offense level of twenty-three for the money laundering charges under U.S.S.G. § 2S1.1(a). It went on to assign him an eleven level enhancement for laundering over $50 million under U.S.S.G. § 2S1.1(b)(2)(L). Finally, it assigned Balsam a four level increase under U.S.S.G. § 3B1.1(a) on the ground that he organized or led a criminal activity involving five or more participants. This resulted in an adjusted offense level of thirty-eight. Combined with a criminal history category of I, the probation office calculated Balsam's guideline range to be between 235 and 293 months imprisonment.

Balsam made numerous objections to the PSR, some of which were resolved before sentencing, and the remainder of which were overruled at sentencing. At the sentence hearing, Balsam objected that two of the changes that had already been agreed upon were not included in the PSR. The government conceded the mistake, and, after striking those sentences, the court adopted the PSR. The government then moved for an upward departure under U.S.S.G. § 5K2.0 because of the large number of vulnerable victims involved. The court granted the motion,

3

which increased Balsam's guideline range to 360 months to life imprisonment. The court sentenced Balsam to 360 months imprisonment, three years supervised release, and $50 million in restitution. He appealed, and we affirmed his conviction and sentence. United States v. Arroya, No. 02-10368, slip. op. at 51 (11th Cir. June 24, 2004) (unpublished).

Following that decision, the Supreme Court issued United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), which held that it is unconstitutional to apply the sentencing guidelines as mandatory. Id. at 245, 125 S. Ct. at 756–57. As a result, the Supreme Court granted certiorari, vacated our opinion, and remanded for us to consider Balsam's appeal in light of Booker. Balsam v. United States, 546 U.S. 801, 126 S. Ct. 41 (2005). We again affirmed his convictions, but we vacated his sentence and remanded for resentencing. United States v. Arroya, No. 02-10368, 2007 WL 30034, at *2 (11th Cir. Jan. 5, 2007).

Before Balsam's second sentence hearing, he filed four pro se motions: (1) a motion to vacate or set aside the restitution order; (2) a motion to subpoena witnesses and testimony; (3) a motion to amend, correct, or redo the PSR; and (4) a motion to reverse his conviction for engaging in financial transactions with criminally derived property. The district court denied all four but denied the motion for subpoena "without prejudice to renewal by counsel." Balsam also filed

4

two resentencing memoranda, one pro se and one through counsel. In those memoranda, he argued, among other things, that: (1) his original sentence was unreasonable; (2) his objections to the PSR at the first sentence hearing were sustained but not reflected in the PSR; (3) it was unconstitutional to enhance his sentence for facts not admitted by him or found by a jury beyond a reasonable doubt; (4) he did not deserve an aggravating-role enhancement; and (5) he was not guilty of engaging in financial transactions with criminally derived property. At sentencing Balsam also introduced additional evidence of his good character and remorse.

The district court sustained Balsam's objection to the PSR and instructed the probation office to make sure that the PSR reflected its earlier ruling. The court went on to reaffirm its earlier findings, including its calculation of Balsam's guideline range, and explicitly considered the 18 U.S.C. § 3553(a) sentencing factors. After acknowledging that the guidelines were only advisory, the court sentenced Balsam to 120 months imprisonment for conspiracy to commit money laundering and 120 months imprisonment for engaging in a financial transaction with criminally derived proceeds in excess of $10,000, with the sentences to run concurrently. The court also sentenced Balsam to 240 months imprisonment for each of the nine counts of money laundering with the intent to conceal or disguise

the nature, source or ownership of the proceeds, with those sentences to run concurrently. The 120 month sentences and the 240 month sentences, however, were to run consecutively for a total of 360 months imprisonment. In addition, Balsam was again sentenced to three years of supervised release and $50 million in restitution.

Balsam now appeals his conviction for engaging in financial transactions with criminally derived property, his sentences for all of his convictions, and the denials of the motions he made before resentencing.

## II.

First, Balsam contends that the district court erred in denying five of the motions that he made before being resentenced. These were: (1) a motion to vacate or set aside the restitution order; (2) a motion to correct the PSR; (3) a motion to subpoena witness testimony; (4) a motion to recalculate the guideline range based on exceptions to the mandate rule; and (5) a motion to reverse the jury verdict on his conviction for engaging in a financial transaction with criminally derived proceeds in excess of $10,000.

The first three of these motions are listed in one of the subheadings of the argument section of his brief but not mentioned anywhere else. Because he failed to explain why he believes the district court erred by denying these motions, he has

waived these issues on appeal. See Flanigan's Enters. v. Fulton County, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (A bare allegation will waive an issue on appeal if the party "fail[s] to elaborate or provide any citation of authority in support of the . . . allegation.").

His two remaining arguments are scantily briefed, but we will address them. Balsam argues that the district court erred by denying his motion to recalculate his guideline range before resentencing, however we conclude below that the district court did not err in calculating Balsam's sentencing guideline range. Therefore, it could not have erred in denying his motion to recalculate it.

The law of the case doctrine also obligates us to reject Balsam's argument that the district court erred by denying his motion for acquittal. That doctrine "holds that subsequent courts will be 'bound by the findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case.'" Culpepper v. Irwin Mortg. Corp., 491 F.3d 1260, 1271 (11th Cir. 2007). Following Booker, we affirmed Balsam's convictions and remanded only on the sentencing issues, Arroya, No. 02-10368, 2007 WL 30034, at *2, so our decision affirming his convictions are binding as the law of the case. "We will not be barred from reconsidering the law-of-the-case 'when (1) a subsequent trial produces substantially different evidence[,] (2) controlling authority has since

7

made a contrary decision of law applicable to that issue[,] or (3) the law-of-the-case is clearly erroneous and will work manifest injustice if not if not reconsidered.'" Culpepper, 491 F.3d at 1271 (quoting Wheeler v. City of Pleasant Grove, 746 F.2d 1437, 1440 (11th Cir.1984)). However, Balsam has not even asserted that any of these exceptions apply, much less explained why any would, so we are bound by the earlier panel's affirmance of his convictions.

Balsam raises this issue again by arguing that the district court erred in denying his first motion for acquittal after trial, but the law of the case also forecloses this argument.

**III.**

Balsam next contends that the district court erred by commenting on the record at his resentencing that it believed him to be the mastermind behind the fraud. This was a well-supported factual finding by the district court, particularly in light of the uncontested fact that Balsam was a co-founder of the fraudulent viatical investment company. Balsam, however, does not argue that the finding was clearly erroneous, but instead asserts that the comment itself was somehow inappropriate. It is entirely appropriate for a district court to inform the parties of its findings and explain its reasoning for the sentence it imposes on the defendant. See Gall v. United States, 552 U.S. ___, ___, 128 S. Ct. 586, 597 (2007) (stating

8

that it is a procedural error to fail to adequately explain the defendant's sentence). This does not even approach the extraordinarily high threshold for a judge's comments during sentencing to be reversible error. See United States v. Greenman, 700 F.2d 1377, 1379 (11th Cir. 1983) (holding that, for a district judge's comments at sentencing to be error, they must "compel[] us to conclude that the district judge closed his mind to evidence favorable to appellant before the sentencing proceedings were concluded."); see also Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994) (holding that a judge's comments during a trial will only be per se error "if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.").

**IV.**

Balsam also contends that the district court made several errors in calculating his sentencing guideline range. We review de novo the district court's application of the guidelines, and we review its factual findings only for clear error. United States v. Westry, 524 F.3d 1198, 1218 (11th Cir. 2008).

A.

Balsam first argues that the district court erred in calculating his sentencing guideline range because it relied on facts to which he did not admit and that were not found by the jury beyond a reasonable doubt. Our case law makes it clear that

this is not error.  See United States v. Smith, 480 F.3d 1277, 1281 (11th Cir.), cert. denied, 128 S. Ct. 175 (2007) ("When the district court applies the Guidelines in an advisory manner, nothing in Booker prohibits district courts from making, under a preponderance-of-the-evidence standard, additional factual findings that go beyond a defendant's admisssions.").

B.

Balsam next argues that the district court erred by applying a four-level aggravating role enhancement under U.S.S.G. § 3B1.1 on the ground that it was unsupported by the evidence.[1]  The district court specifically found that "Balsam was, in fact, an organizer of criminal activity" because "[h]e worked in tandem with [a co-conspirator] to develop the overall criminal activity and to develop the forms and other representations that would be made to induce people to invest" in his viatical insurance company.  This finding is well-supported by the trial record.

Moreover, Balsam's PSR stated that he was involved in the conspiracy for more than three years, during which he taught co-conspirators about the viatical business, recruited at least three people to help in the scheme, and used several

---

[1] Balsam also asserts that, because he was not charged with fraud, he could not be a leader or organizer of the fraudulent viatical insurance scheme.  This argument is meritless.  The PSR makes it clear that he led and organized money laundering activities.  Also, in calculating the applicable guideline range, a sentencing court can take into account relevant uncharged conduct.  See United States v. Amedeo, 370 F.3d 1305, 1314 (11th Cir. 2004).

10

others to hide his illicit gains. Although he objected to other portions of the paragraph describing his role in the scheme, he did not object to these statements. He is therefore deemed to have admitted them. See United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006) ("It is the law of this circuit that a failure to object to allegations of fact in a PS[R] admits those facts for sentencing purposes."). These actions alone would support a §3B1.1 aggravating role enhancement. See United States v. Thomas, 446 F.3d 1348, 1355 n.2 (11th Cir. 2006) (holding that a four level role enhancement was supported by evidence that the defendant recruited others to participate in the crime).

## C.

Balsam's third argument is that the district court erred in two ways by departing upward due to the large number of vulnerable victims. One, he asserts, is that the guidelines for money laundering do not allow it. We cannot find any support for this argument. The district court departed upward under U.S.S.G. § 5K2.0, which is equally applicable to all offenses. Insofar as Balsam's argument is that the victims of the fraudulent viatical insurance scheme were not victims of money laundering, we again note that a district court can consider all relevant conduct—including uncharged or acquitted conduct—in applying the sentencing guidelines. See United States v. Amedeo, 370 F.3d 1305, 1314 (11th Cir. 2004).

11

Balsam's other argument on this point is that he did not receive sufficient notice that the district court was considering a departure. Federal Rule of Criminal Procedure 32(h) states:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

While this argument might have had some merit in his first appeal, it has none here. The latest that Balsam could have been aware that the district court was contemplating an upward departure was in April 2002 at his initial sentence hearing, when the government made its motion. Balsam did not object at that time, and we affirmed the district court's departure on Balsam's first appeal. Balsam was sentenced again in June 2007, more than five years after the government first indicated that it was seeking an upward departure and more than five years after the district court explained why it was receptive to that motion. Five years is "reasonable notice." Fed. R. Crim. P. 32(h); see United States v. Meeker, 411 F.3d 736, 744 (6th Cir. 2005) (holding that, under the facts of that case, less than three days notice was not unreasonable).

D.

Balsam's fourth argument asserts that the district court let the jury return a general verdict form on the conspiracy charge that did not specify which substantive offense the jury found Balsam to have conspired to commit. As a result of this, Balsam argues, is that the district court arbitrarily assumed that the conviction was for conspiracy to commit a substantive offense under § 1956, which carries a base offense level of twenty-three, instead of a conspiracy to commit a substantive offense under § 1957, which carries a base offense level of seventeen. U.S.S.G. §§ 2S1.1, 2S1.2; U.S.S.G. App. A.

This argument is without merit because the guidelines actually require the court to treat a conviction for a multi-object conspiracy "as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit." U.S.S.G. § 1B1.2(d). The district court was also required to make its calculations based on the conviction with the highest base offense level. U.S.S.G. § 3D1.3. This means that, because Balsam's convictions for money laundering came with a base offense level of twenty-three, his guideline range calculation would be the same regardless of what the object of the conspiracy count was.

13

E.

Finally, Balsam argues that the district court erred by relying on the statements in his PSR that it had earlier struck. The record simply does not support this allegation. The PSR was revised in response to objections made and sustained at his sentencing. Balsam's assertion is baseless.

Even if the presentence report had not been changed following his first sentencing, Balsam has not identified anything in the record indicating that the district court considered the allegedly incorrect statements on resentencing. To the contrary, the court explicitly stated that it would instruct the probation office to make sure that the PSR reflected all of the ordered changes. Balsam has not met his burden of showing that the district court imposed his sentence based on clearly erroneous facts. See Gall, 552 U.S. at ___, 128 S. Ct. at 597.

V.

Finally, Balsam contends that the district court erred in sentencing him to 360 months imprisonment. He argues both that this sentence violates the Sixth Amendment and that it is unreasonable. Balsam's Sixth Amendment argument is that his sentence is unconstitutional because, in total, it exceeds the statutory maximum for either offense. However, we have held that consecutive sentences

14

are not unconstitutional as long as the sentence for each offense does not exceed the applicable statutory maximum, and neither of Balsam's sentences did. United States v. Davis, 329 F.3d 1250, 1254 (11th Cir. 2003).

We turn now to Balsam's arguments that his sentence was unreasonable. We review the total sentence imposed by the district court for reasonableness under an abuse of discretion standard. Gall, 552 U.S. at ___, 128 S. Ct. at 594. After "ensur[ing] that the district court committed no significant procedural error," we consider the substantive reasonableness of the sentence. Gall, 552 U.S. at ___, 128 S. Ct. at 597. The party "challeng[ing] the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Balsam argues that his sentence was unreasonable because: (1) the total sentence was the result of consecutive terms of imprisonment; and (2) he "submitted . . . credible arguments and detailed factors and comparisons to other sentences for other obviously more serious crimes" showing that 120 months would be a reasonable sentence. Neither of these arguments supports a conclusion that his sentence was unreasonable.

The district court sentenced Balsam to consecutive terms because when the

guideline range is higher than the statutory maximum for the offense with the highest offense level, the guidelines recommend making the sentences consecutive. See U.S.S.G. § 5G1.2. The statutory maximum for Balsam's money laundering conviction was only twenty years, 18 U.S.C. § 1956(a)(1)(B)(ii), but his guideline range was thirty years to life. The district court's decision to follow U.S.S.G. § 5G1.2 does not make the total sentence unreasonable or in any other way improper. See United States v. Magluta, 418 F.3d 1166, 1185 (11th Cir. 2005).

Balsam's second argument that his sentence is unreasonable is also unpersuasive. The district court has broad discretion in sentencing, Gall, 552 U.S. at ___, 128 S. Ct. at 591, and the fact that it was unconvinced by Balsam's arguments in favor of a sentence substantially below the guideline range does not mean that it abused that discretion, see Talley, 431 F.3d at 788. "There is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id. Here, the district court sentenced Balsam to 360 months imprisonment, the lowest sentence within the guideline range. Balsam has not shown that the district court abused its discretion by doing so.

**AFFIRMED.**

16