[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11153

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ZANE BALSAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:99-cr-08125-DMM-16

_____

2                    Opinion of the Court                    21-11153

———————————————

No. 21-13622

Non-Argument Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ZANE BALSAM,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:99-cr-08125-DMM-16

———————————————

Before JORDAN, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

Zane Balsam, a federal prisoner proceeding *pro se*, appeals the district court's orders denying his motions seeking

compassionate release. The government has moved for summary affirmance and to stay the briefing schedule. We grant the government's motion for summary affirmance.

## I.

Balsam co-founded a company that he claimed was a viatical investment company, meaning it would buy life insurance policies at a discounted rate from terminally ill policy holders. In reality, "the company was simply a vehicle to steal its investors' money." *United States v. Balsam*, 315 F. App'x 114, 117 (11th Cir. 2008) (unpublished).

Balsam and others were charged with federal crimes arising from the scheme. Balsam was charged with money laundering with the intent to conceal the nature, source, or ownership of the proceeds in violation of 18 U.S.C. § 1956(a)(1)(B); conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h); and engaging in a financial transaction with criminally derived proceeds in violation of 18 U.S.C. § 1957. After a jury found Balsam guilty of all the offenses, the district court imposed a total sentence of 360 months' imprisonment and ordered him to pay $50 million in restitution. After Balsam appealed, we vacated his sentences and remanded for a resentencing. *See United States v. Arroya*, 213 F.

App'x 815, 817 (11th Cir. 2007) (unpublished). On remand, the district court imposed the same sentence.[1]

Beginning in 2020, Balsam filed motions in the district court seeking reductions to his sentence.[2] He claimed that extraordinary and compelling reasons justified a sentence reduction because his health conditions—which include high blood pressure, chronic kidney disease, and a problem with his prostate—put him at increased risk of contracting COVID-19 while in prison. He also argued that extraordinary and compelling circumstances were present because he needed to care for his elderly mother whose health was declining, his sentence was disproportionately long, and he had been rehabilitated while in prison. The district court denied the motions, concluding that Balsam failed to establish extraordinary and compelling reasons for a sentence reduction.

After the district court entered several orders denying Balsam's motions, he developed a serious infection and was hospitalized for approximately eight days. He renewed his request for compassionate release, arguing that the hospitalization showed that exceptional circumstances warranted a sentence reduction. The government responded that Balsam still had not demonstrated exceptional circumstances because his recent health problems appeared

[1] Balsam appealed a second time, and we affirmed his sentence. *See Balsam*, 315 F. App'x at 123.

[2] At times in the district court, Balsam was represented by counsel, but he is proceeding *pro se* on appeal.

to have been addressed and did not indicate a terminal illness. The district court again denied Balsam's request for compassionate release.

Balsam brought two appeals from the district court's orders, which we have consolidated. After Balsam filed his appellant's brief, the government filed a motion for summary affirmance.

## II.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[3]

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). After eligibility is established, we review for abuse of discretion a district court's denial of a defendant's request for a sentence reduction. *Id.* We liberally

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

6                    Opinion of the Court                    21-11153

construe *pro se* filings. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

## III.

A district court may grant a motion for a sentence reduction, if, after considering the § 3553(a) factors, it finds that "extraordinary and compelling reasons warrant such a reduction" and that "a reduction is consistent with applicable policy statements" in the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement is found at U.S.S.G. § 1B1.13. Under our binding precedent, a district court cannot reduce a sentence under § 3582(c)(1)(A) unless the reduction would be consistent with § 1B1.13. *Bryant*, 996 F.3d at 1262.

The commentary to § 1B1.13 lists certain medical, age, and family reasons as circumstances that qualify as sufficiently "extraordinary and compelling." U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). The commentary provides that in certain circumstances a defendant's medical condition may be grounds for a sentence reduction. *Id.*, cmt. n.1(A). A defendant who suffers from a "terminal illness," meaning "a serious and advanced illness with an end of life trajectory," is eligible for a sentence reduction. *Id.*, cmt. n.1(A)(i). The commentary lists "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia" as examples of terminal illnesses. *Id.* A defendant who suffers from a non-terminal medical condition is eligible for a sentence reduction only if his medical condition "substantially diminishes" his

ability "to provide self-care" and he is not expected to recover from the condition. *Id.*, cmt. n.1(A)(ii).

The commentary further states that a defendant may be eligible for a sentence reduction based on family circumstances if he is required to care for certain family members. *Id.* cmt. n1.(C). A defendant is eligible only when the caretaker of the defendant's minor child or children has become incapacitated or died, or the defendant's spouse or partner has become incapacitated and the defendant is the only available caregiver for the spouse or partner. *Id.*

The commentary also authorizes relief for "other reasons." *Id.*, cmt. n.1(D). But we have held that these other reasons must be determined by the Bureau of Prisons, not the courts. *See Bryant*, 996 F.3d at 1262–65. We recognized in *Bryant* that a district court lacks discretion to develop other reasons outside those listed in § 1B1.13. *Id.*

Here, the district court did not err in denying Balsam's motions. None of his arguments for relief falls within any of the reasons that § 1B1.13 identifies as extraordinary and compelling. He argues that his medical condition and COVID-19 created an extraordinary and compelling reason for a sentence reduction. But on the record before us, we cannot say that Balsam had either (1) a terminal illness or (2) a non-terminal condition from which he was

8                    Opinion of the Court                    21-11153

not expected to recover that substantially diminished his ability to care for himself. *See* U.S.S.G. § 1B1.13, cmt. n.1(A).[4]

Balsam also argues that he demonstrated an extraordinary and compelling reason because he needs to care for his elderly mother who is ill. But a defendant's caretaker status qualifies as an extraordinary and compelling reason only when the defendant would be a caretaker for a minor child, a spouse, or a partner. The commentary does not cover the situation before us in which Balsam seeks to care for a parent. *See id.* § 1B1.13, cmt. n.1(C).

Balsam also asserts that extraordinary and compelling circumstances are present because he was rehabilitated in prison and his sentence was disproportionately long. In raising these arguments, he says that the district court was not limited by § 1B1.13 because this policy statement is not applicable when a defendant

---

[4] Balsam urges us to consider that he was diagnosed with colon cancer while this appeal was pending. But, in deciding this appeal, we are limited to the record from the district court, meaning we cannot consider this subsequent development. *See Stephens v. Tolbert*, 471 F.3d 1173, 1177 (11th Cir. 2006) (explaining that "an appellate court may consider only evidence that was part of the record before the district court" (internal quotation marks omitted)); *S & Davis Int'l, Inc. v. Republic of Yemen*, 218 F.3d 1292, 1299 n.5 (11th Cir. 2000) (refusing to consider new evidence that "was not part of the district court's record").

Our decision does not bar Balsam from seeking compassionate release in the district court or before the Bureau of Prisons based on his cancer diagnosis. We express no opinion about whether this diagnosis means that he is suffering from a terminal illness or a non-terminal illness that renders him unable to care for himself in prison.

21-11153                Opinion of the Court                9

files a compassionate release motion. But we previously rejected this argument in *Bryant*, holding that a district court may reduce a sentence under § 3582(c)(1)(A) only when a reduction would be consistent with § 1B1.13. *See* 996 F.3d at 1262. Under our prior panel rule, we remain bound by *Bryant*. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc.").

Because there is no substantial question as to the outcome of this appeal, we conclude that summary affirmance is appropriate. *See Groendyke Transp.*, 406 F.2d at 1162. Accordingly, the government's motion for summary affirmance is GRANTED and its motion to stay the briefing schedule is DENIED as moot.